## GRAND TRUNK RAILWAY COMPANY *v.* CUMMINGS.

1. Although the refusal, at the close of the testimony for the plaintiff, to direct a verdict for the defendants would justify a reversal of a judgment against them, yet if they proceed with their defence and introduce testimony which is not in the record, the judgment on the verdict which the jury, under proper instructions, find against them will not be reversed on account of that refusal.
2. The plaintiff, in the course of his employment as an engine-driver for the defendant, a railroad company, was injured by the collision of the train on which he was with another train of the company. *Held*, that the court did not err in charging the jury that the company, if its negligence had a share in causing the injuries of the plaintiff, was liable, notwithstanding the contributory negligence of his fellow-servant.

ERROR to the Circuit Court of the United States for the District of Maine.

The case is stated in the opinion of the court.

*Mr. John Rand* for the plaintiff in error.

*Mr. Almon A. Strout* and *Mr. George F. Holmes* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit brought by Cummings, against the Grand Trunk Railway Company of Canada, to recover damages for an injury which in the course of his employment, as an engine-man of the company, he sustained by a collision of a train on which he was with another train of the same company. His claim is that the collision was caused by the fault and neglect of the company; that of the company that it was caused by the negligence and disobedience of a fellow-servant of Cummings. This was the issue at the trial, and at the close of the testimony on the part of Cummings the company asked the court to instruct the jury to return a verdict in its favor, which being refused an exception was taken. All the testimony before the jury when this instruction was asked has been put into the bill of exceptions.

The company then introduced testimony touching the points covered by that on the part of Cummings. None of this testi-

mony is in the record.   The company did not contend that he was guilty of contributory negligence.

At the close of the case on both sides the court gave to the jury sundry instructions, not excepted to, and then, at the request of Cummings, instructed them further, "that if Noyes [the person claimed to be a co-servant] was negligent, and if the company was also wanting in ordinary care and prudence in discharging their duties, and such want of ordinary care contributed to produce the injury, and the plaintiff did not know of such want of ordinary care and prudence, the defendant would be liable; that if two of those causes contributed, the company would be liable; that the mere negligence of Noyes of itself does not exonerate them, if one of their own faults contributes."   To this an exception was taken.   The jury returned a verdict for Cummings, upon which a judgment was rendered against the company.   To reverse that judgment the company brought this writ, and it assigns for error: 1, the refusal to direct a verdict for it at the close of Cummings's testimony; and, 2, the giving of the instruction which was excepted to.

It is undoubtedly true that a case may be presented in which the refusal to direct a verdict for the defendant at the close of the plaintiff's testimony will be good ground for the reversal of a judgment on a verdict in favor of the plaintiff, if the defendant rests his case on such testimony and introduces none in his own behalf; but if he goes on with his defence and puts in testimony of his own, and the jury, under proper instructions, finds against him on the whole evidence, the judgment cannot be reversed, in the absence of the defendant's testimony, on account of the original refusal, even though it would not have been wrong to give the instruction at the time it was asked.

The present case comes within this rule.   The evidence introduced on the part of the company is not in the bill of exceptions, and the court was not asked to instruct the jury to find for the defendant on the whole case.   Under such circumstances, it must be presumed, in the absence of anything to the contrary, that when the case was closed on both sides, there was enough in the testimony to make it proper to leave

the issues to be settled by the jury.   In this we are not to be understood as saying that the instruction ought to have been given when it was asked.

In the instruction which was given we find no error.   It was in effect that if the negligence of the company contributed to, that is to say, had a share in producing, the injury, the company was liable, even though the negligence of a fellow-servant of Cummings was contributory also.   If the negligence of the company contributed to, it must necessarily have been an immediate cause of, the accident, and it is no defence that another was likewise guilty of wrong.

*Judgment affirmed.*