ROBERTSON *v.* CORNELSON.

(*Circuit Court, D. South Carolina.* April 9, 1888.)

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES.
    A master is bound to provide safe machinery, and keep it in safe order; not the best possible machinery, or in the best possible order.[1]
2. SAME—EMPLOYMENT OF CHILDREN.
    In the use of machinery, a master is bound to exercise ordinary care; and in the case of the employment of a child a higher degree of care is required than

---

[1] If the machinery furnished by a master to his servant is sound, well made, and kept in repair, he will not be liable for an accident occurring to an employe when the only ground alleged is that there is a better and safer kind used for the same purpose. Richards v. Rough, (Mich.) 18 N. W. Rep. 785; Sweeney v. Envelope Co., (N. Y.) 5 N. E. Rep. 358; Pierce v. Cotton Mills, (Ga.) 4 S. E. Rep. 381; Delaware River Works v. Nuttall, (Pa.) 13 Atl. Rep. 65. A master is not bound to adopt the safest method of working. Naylor v. Railway, (Wis.) 11 N. W. Rep. 24; Hickey v. Taaffe, (N. Y.) 12 N. E. Rep. 286. And his liability for injuries to his servant for defective arrangements is not that of an insurer or guarantor. The question is one of reasonable care and diligence. Batterson v. Railway Co., (Mich.) 13 N. W. Rep. 508, and 18 N. W. Rep. 584; Railroad Co. v. Wagner, (Kan.) 7 Pac. Rep. 204; Railroad Co. v. Hughes, (Pa.) 13 Atl. Rep. 286; Bowen v. Railway Co., (Mo.) 8 S. W. Rep. 230.

in the case of an adult. especially in seeing that he does not assume risks without the scope of his employment.

3. SAME—NEGLIGENCE OF VICE-PRINCIPAL.

Where it is unusual and dangerous to clean the machinery of a mill before the stoppage of the mill, the master is responsible for the negligence of his foreman in requiring a minor in his employ to clean the machinery before the stoppage of the mill, although such work was within the scope of his employment.[1]

4. SAME—CONTRIBUTORY NEGLIGENCE.

Where an employe, a minor, while disobeying the orders of his foreman, assumes unusual dangers, and is injured before his action could, in the exercise of proper care, be discovered and stopped, the master is not liable.

5. DAMAGES—PERSONAL INJURIES—ELEMENTS.

In estimating damages for personal injuries, the jury may consider plaintiff's age, his station in life, the character of the injury, the effect it has on his efficiency in the future, and his suffering, bodily and mental.

At Law. Action by John E. Robertson against George H. Cornelson, for damages for personal injuries.

*D. H. Henderson* and *Claiborne Snead*, for plaintiff.

*Izlar & Glaze* and *Smythe & Lee*, for defendant.

SIMONTON, J., (*charging jury.*) The plaintiff, a boy of 12 years of age, a hand in the factory of defendant, had his left hand caught in the gearing of a machine which he was cleaning, and lost his arm. The questions are: Is the defendant liable to the plaintiff for this injury? If so, what is the measure of his damages? In solving the first question you must inquire: Was the injury caused by a defect in the machinery of the defendant? If so, was this defect occasioned, or did it exist, by reason of any negligence on the part of defendant in procuring a proper machine, or in keeping it in proper order? He was not bound to procure the best possible machine, nor to keep it in the best possible order. He was bound to get a safe machine, and to keep it in safe order. If the machine was defective, was this known to defendant, or could it have been known to him by the exercise of proper care on his part, or on the part of his agents? The kind of care which defendant was bound to exercise was the care which a person of common prudence and of common sense exercises under the same conditions in the same employment. The fact that plaintiff was a child naturally increased the degree of care and caution which would be required in the case of an adult, especially in seeing that he did not assume an unusual risk not within the scope of his employment. An adult might assume such risk; a minor could not. The defendant is responsible for the acts and for the knowledge of his agents. Their knowledge and their negligence are his.

In determining these questions the burden of proof is on the plaintiff. The jury are not at liberty to infer that either the defendant or his agents

---

[1] The master is responsible for the negligence of a servant who stands as his vice-principal and direct representative, invested with his own authority over inferior servants; and the latter, when injured by such negligence, are not barred by the doctrine of fellow-servant. Faren v. Sellers, (La.) 3 South. Rep. 363, and note; Railroad Co. v. Smith, (Neb.) 36 N. W. Rep. 285; Criswell v. Railway Co., (W. Va.) 6 S. E. Rep. 31.

As to who are fellow-servants within the rule exempting the master from liability for injuries resulting to a servant from the negligence of a co-employe, see Wolcott v. Studebaker, 34 Fed. Rep. 8, and note; McMaster v. Railway Co., (Miss.) 4 South. Rep. 59.

were negligent simply because the accident occurred. The plaintiff, by preponderance of testimony, must show that the accident occurred by reason of the negligence of defendant or his agents, and from no other cause. The jury cannot find the defendant guilty of negligence because the plaintiff, a minor, was engaged in a dangerous employment. He was engaged in this mill by and with the concurrence of his father. He took the risks of his employment,—the natural and ordinary risks. But defendant could not put him to extraordinary risks outside of his employment. If he did this he would be liable if the injury occurred from it. In this connection, then, you must inquire, for what was plaintiff engaged? Was his employment a general one, to do whatever he was told to do, including cleaning the machines? Or was he employed only as a doffer? If it was among his duties to clean the machines, was he doing this under the instructions of the foreman when the accident occurred, before the general stoppage of the mill? If so, and if it was unusual and dangerous to clean the machine before the general stoppage of the mill, this would be negligence on the part of the defendant's agent, for which he would be responsible. If plaintiff was not acting under orders of the foreman, but was disobeying him, and if he incurred unusual danger in this, and was injured before his action would be discovered and stopped, defendant is not liable. If there was no unusual danger in cleaning the machine before the general stoppage, and plaintiff was acting in disobedience of orders, but the accident occurred because of a defect in the machinery, and was not the result of the disobedience, defendant is liable. If the disobedience of orders caused the injury, and if the plaintiff could by proper care have been discovered, and could have been stopped in his disobedience in time to have prevented the accident, inasmuch as he was a young child, the defendant is liable. If the accident occurred by the unauthorized act of the plaintiff, or by his own negligence in the course of his employment, defendant is not liable. Apply the facts as stated in the testimony to these principles, and find your verdict. If, upon considering the whole testimony, you solve it in favor of the plaintiff, what is the measure of damages? You cannot find vindictive or punitive damages. Nothing has been developed in the case which will justify this. You must compensate the plaintiff considering his age; his station in life; the character of the injury; the effect it has on his efficiency in the future; his suffering, bodily and mental. The sum you must determine. You cannot go beyond the amount stated in the complaint.

NOTE. See Gunter v. Manufacturing Co., 15 S. C. 450; Bridger v. Railroad Co., 25 S. C. 24; Hough v. Railway Co., 100 U. S. 213; Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. Rep. 493; Railroad v. Herbert, 116 U. S. 642, 656, 6 Sup. Ct. Rep. 590; Railway Co. v. Ross, 112 U. S. 377, 5 Sup. Ct. Rep. 184; Steam-Ship Co. v. Carey, 119 U. S. 245, 7 Sup. Ct. Rep. 1360; Railroad Co. v. Fort, 17 Wall. 558.