MAUPIN v. TEXAS & P. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1900.)

No. 831.

**MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANTS.**
　　If the negligence of a master contributed to an injury to his servant, it is no defense to an action against him therefor that fellow servants were also guilty of negligence which contributed thereto.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

S. P. Jones, for plaintiff in error.

T. J. Freeman and F. H. Prendergast, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

99 F.—4

McCORMICK, Circuit Judge. W. E. Maupin, the plaintiff in error, was a section hand in the employ of the defendant in error, the Texas & Pacific Railway Company. His petition charged that on or about the 24th day of August, 1897, while he, together with other section hands, was returning from his work, the hand car on which they were riding, provided by the defendant for their use in going to and returning from their work, was derailed and ran off the track, and threw the plaintiff to the ground, on a lot of rocks, a distance of about 10 feet, inflicting on him serious injuries, for which he claims damage on the ground that the car was defective, out of repair, and in a condition unfit for use; that the wheels were old, worn out, defective, cracked, and broken, and the axles old, worn, crooked, defective, and out of repair, and the whole car worn, defective, and out of repair; that the cogs of the running gear were worn, defective, and out of repair; that the defective condition of the car caused it to leave the track, and caused the injuries to the plaintiff; that the defendant knew of the defective and unfit condition of the hand car, or could have known the same by the use of proper care; that the plaintiff did not know of the defective condition, and could not have known thereof; that the brake on the hand car was old, worn, defective, and out of repair, and in such defective and worthless condition that the hand car, while in motion, could not be stopped by the use of the brake; that the defendant knew this, or should have known it by the use of proper care; that while the plaintiff and other section men were riding on this car it ran upon another hand car on the same track; that, by reason of the defective condition of the hand car which the defendant was on, it could not be stopped by applying the brake; and that by reason thereof it ran into the front car, and was knocked off the track, and the plaintiff was thrown to the ground and injured. The defendant answered by a general demurrer, a general denial, and these special pleas:

"(3) Defendant says the car on which plaintiff was riding when injured was in good condition, and, if there was any defect, it was such a defect that did not contribute nor cause the injury. (4) The plaintiff knew, or by ordinary care could have known, of said defect, and assumed the risk of being injured as he was injured. (5) Defendant says, if there was any negligence of any person that caused the injury to plaintiff, it was the negligence of one of plaintiff's fellow servants, for which defendant is not liable."

There was a conflict in the testimony as to the condition of the hand car which left the track. There was substantially no dispute as to any other material issue of fact.

The court charged the jury, on its own motion, giving in connection with other instructions, not excepted to, the following:

"If the parties in charge of that hand car had instructions not to run closer to the front car than 90 feet, or any other number whatever— You may remember from the evidence, and there was evidence upon that subject. My recollection is that Lonis testified that he had repeatedly cautioned them not to run closer than 90 feet, one hand car following the other. Now, if the parties in charge of the rear hand car disregarded that instruction, and ran at a closer distance, and ran into the front car, without using care to prevent a collision, then that is negligence upon the part of that hind crew, there, of which Mr. Maupin was a member, and a recovery could not be had."

The part of the charge just quoted is made the basis of the second assignment of error, in which it is said that the giving of this charge was error, because the proof showed that there was no rule or regulation requiring the two cars to be kept any distance apart, and because Maupin had never been notified of any such rule or regulation, if it existed, and had never been notified not to allow the cars to run close together. It is our opinion that this assignment of error is well taken.

The plaintiff in error duly excepted to the giving of that part of the charge which we have quoted, and submitted a request to charge, which request pointed out to the court clearly the defect in the charge given. The refusal of this request to charge is made the ground of the third assignment of error. It is not clear that this third assignment is well taken, because the requested charge involves several propositions, the soundness of some of which, and their applicability to the case on trial, may be questioned. Among other things, the request asked the court to instruct the jury that:

"If the brake was defective, and defendant was negligent in requiring plaintiff to use the car, as herein defined, then the plaintiff can recover, notwithstanding the negligence of his fellow servants may have contributed to produce the wreck, provided such defective brake was the proximate cause of the wreck."

From the exception taken to the portion of the general charge specified, and from the terms above quoted of the requested charge, the attention of the court was fully drawn to the rule of law on which the plaintiff relied, and of which he desired the benefit in a proper instruction to the jury. That rule of law is stated in the text books thus:

"The principle is universal that where the negligence of the principal and that of a fellow servant, together, produce injury, the principal is liable therefor." Bailey, Mast. Liab. p. 439.

In Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266, it is said:

"If the negligence of the company contributed to (that is to say, had a share in producing) the injury, the company was liable, even though the negligence of a fellow servant of Cummings was contributory also. If the negligence of the company contributed to, it must necessarily have been an immediate cause of, the accident, and it is no defense that another was likewise guilty of wrong."

This doctrine is fully recognized in the state courts in Texas. Railroad Co. v. Zapp (Tex. Civ. App.) 49 S. W. 673; Railway Co. v. Hannig, Id. 116; Railroad Co. v. Bonatz (Tex. Civ. App.) 48 S. W. 767.

It is unnecessary to further discuss the errors assigned, as the rulings complained of may not occur on a second trial. On the ground already presented, the judgment of the circuit court is reversed, and the cause remanded to that court, with directions to award the plaintiff a new trial.