# GILA VALLEY, GLOBE AND NORTHERN RAILWAY COMPANY *v.* LYON.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 96.  Argued November 13, 1906.—Decided December 10, 1906.

Where the negligence of the master in not supplying proper appliances has a share in causing injuries to an employé, the master is liable notwithstanding the negligence of a fellow servant may have contributed to the accident.

Defendant's objection to the charge on the ground that it should have been more specific as to the distinction between sole and proximate cause cannot be raised by a general exception, nor should it be sustained if the jury had its attention drawn to the proximate cause and was charged that if the negligence of the fellow servant was the proximate cause plaintiff could not recover.

In an action for damages for personal injuries alleged to have been caused by unsafe appliances of a railroad company, the admissibility of expert

testimony is within the reasonable discretion of the trial court, and that discretion is not abused by the admission of testimony of men who had had practical experience on railroads and were familiar with structures of the kind involved in the action.

THE defendant in error, who was plaintiff below, recovered a judgment against the railroad company, plaintiff in error, in a trial court in Arizona Territory, for the negligent killing of her son, which judgment was affirmed by the Supreme Court of the Territory, and the company brings the case here.

The deceased was a brakeman and had been employed by the defendant company as such for a few weeks before the accident occurred in which he lost his life. He acted as one of the brakemen upon the freight train, which was pushed up on a spur track that ran from the main line in the town of Globe, in the Territory, to a mining station, about five hundred yards away. The accident, which resulted in the death of the deceased, occurred on this spur track on July 14, 1900. The grade of the spur, after leaving the main line, was for a short distance level. It then became quite steep upgrade, getting steeper and steeper, until it again became level, under what is termed the tramway house. This was a structure erected over the tracks, and the bottom of it was only two feet above the top of the freight cars, and from that tramway structure to the end of the road the grade was about level, and the distance a little over a hundred feet. The track ended on a trestle, with a buffer at the end, which was not calculated to resist a car pushed by an engine, but only to stop one pushed by hand or by the wind. The trestle ended at the side of a cañon, and there was at that point an abrupt fall to the bottom of the cañon of seventy-five feet. There was a curve on the spur track, which would prevent the engineer from seeing the end of his train, and he would have to obtain signals from others in order to run his engine. The upgrade was so steep that only a few cars could be taken up from the main track at any one time.

On the occasion of the accident the train started from the

main line, and was pushed upgrade by the engine in the rear. The deceased was on top of the front car of the train, being farthest away from the engine at the time the train was being pushed up. The conductor was on the car next to that of the deceased, and by his orders the engineer shoved the train as rapidly as he could, and ran it at the rate of five or six miles an hour, and then after a shove the two cars on which were the deceased and the conductor were detached from the train and passed along at that rate of speed under the tramway house and on to the level portion of the road, which ended in about a hundred feet at the side of the cañon. The deceased was unable to control the speed of the cars with his brakes, and the car on which he was riding passed along and knocked away the buffer and plunged down to the bottom of the cañon. Eyewitnesses of the accident immediately descended the side of the cañon and found at the bottom the car and the dead body of the deceased.

There was evidence tending to show that the spur track was not a safe and proper structure to operate over its length with cars, for the reason that the tramway house was so close to the top of the cars when passing under it that the brakes could not be handled, and there was not sufficient length of road after the train passed under the house during which to get the cars under control and stop them before they arrived at the end of the track and the side of the canon. The only way in which it ought ever to have been done was to have the engine at all times attached to the train, and even then, if anything got out of order with the engine, the train was not under control of the brakeman, on account of the tramway house. The buffer at the end of the track was also asserted to be insufficient, and witnesses were called who testified that the track was not a reasonably safe one upon which to conduct the business of the road.

The company, on its part, gave evidence tending to show that the track was properly constructed; that the buffer was sufficient for the purpose intended, and that the whole structure

was a reasonably safe place, and that the accident was caused simply by the flagrant negligence of the conductor, in ordering the two cars to be detached from the train, and thus taken away from the control of the engine. It also gave evidence that the buffer was not to be used at the end of the track to stop cars in motion, nor were the handbrakes intended to be so used at that spot, as it was intended that the engine should control the cars and should not be there detached from them. They therefore insist that when the operation was properly performed the matters of the low shed, short track and insufficient buffer were immaterial. It was all predicated upon the fact that the cars should be under the control of the engine and should not be detached therefrom, as these cars were, under the orders of the conductor.

*Mr. Frank W. Burnett* for plaintiff in error:

The jury should have been instructed to render a verdict for the plaintiff in error. *Callaway* v. *Allen,* 64 Fed. Rep. 297; *C. C. & St. L. R. R.* v. *Brown,* 73 Fed. Rep. 970; *Hussey* v. *Coger,* 112 N. Y. 614; *Hagan* v. *Smith,* 125 N. Y. 774; *Rendall* v. *B. & O. R. R.,* 109 U. S. 478.

It was error to charge that negligence of conductor must have been the sole cause of the accident, to relieve plaintiff in error from liability. *Railroad Co.* v. *Cummings,* 106 U. S. 700; *Elmer* v. *Locke,* 135 Massachusetts, 575; *A., T. & S. F. Ry.* v. *Larmigan,* 42 Pac. Rep. 343; *Morrisey* v. *Hughes,* 27 Atl. Rep. (Vt.) 205; Wood on Master & Servant, 812; *Vizelich* v. *So. Pac. Co.,* 126 California, 587; *Trewatha* v. *Buchanan Co.,* 28 Pac. Rep. (Cal.) 571; *So. Pac. Co.* v. *Yergin,* 109 Fed. Rep. 436; *Whitman* v. *Railway Co.,* 17 N. W. Rep. (Wis.) 124; *C. N. O. & T. P. Ry.* v. *Mealer,* 50 Fed. Rep. 725; *M. & S. P. Ry. Co.* v. *Kellogg,* 94 U. S. 469; *Norfolk & W. Ry. Co.* v. *Brown,* 22 S. E. Rep. (Va.) 496; *Edmondson* v. *Kent, Central Ry. Co.,* 49 S. W. Rep. (Ky.) 200; *Arizona Lumber & Timber Co.* v. *Mooney,* 42 Pac. Rep. (Ariz.) 952; *Little Rock & M. R. Co.* v. *Baxiy,* 84 Fed. Rep. 944.

In addition to the cases already cited as sustaining the position of the plaintiff in error, are the following: *Evansville R. R. Co.* v. *Henderson*, 134 Indiana, 636; *Allen* v. *N. Gas Co.*, L. R. 1 Exch. Div. 251; 45 L. J. Exch. N. S. 668; 34 L. T. N. S. 541; *Conger* v. *Flint R. R.*, 86 Michigan, 76; *Kevern* v. *Providence G. & S. M. Co.*, 70 California, 392; *Whitman* v. *Wisconsin & M. R. Co.*, 58 Wisconsin, 408; *Course* v. *N. Y., L. E. & W. Ry. Co.*, 17 N. Y. S. R. 715; *N. O. & T. P. R. Co.* v. *Mealer*, 50 Fed. Rep. 725; *Grover* v. *Harley*, 53 Fed. Rep. 983; *Morris* v. *Duluth S. S. Co.*, 108 Fed. Rep. 749; *Norfolk & W. Ry. Co.* v. *Brown*, 91 Virginia, 668; *Bull* v. *Mobile & M. R. Co.*, 67 Alabama, 206; *Rose* v. *Gulf & C. R.*, 17 S. W. Rep. 789; *N. Y. &c. R. R.* v. *Perriguey*, 138 Indiana, 414.

*Mr. Waters Davis* for defendant in error:

The first assignment of error is grounded upon the false assumption that the premises were reasonably safe, when in fact they were far from being so. In answer to this assignment see *Paulmier's Admr.* v. *Railway Co.*, 5 Vroom (34 N. J. L.), 151; *Railway Co.* v. *Cummings*, 106 U. S. 700; *Morrisey* v. *Hughes,* 27 Atl. Rep. (Vt.) 205; *Elmer* v. *Locke*, 135 Massachusetts, 575; *Gonzales* v. *Galveston*, 84 Texas, 6; *Clyde* v. *Railway Co.,* 59 Fed. Rep. 398; *Railway Co.* v. *Cooley's Admr.*, 49 S. W. Rep. (Ky.) 339; *Railway Co.* v. *Jones*, 23 Fed. Rep. 753; *Railway Co.* v. *McDade*, 191 U. S. 64; *Railway Co.* v. *Young*, 49 Fed. Rep. 725; *Railway Co.* v. *Wilson*, 38 N. E. Rep. (Ind.) 343; *Railway Co.* v. *Yeargin*, 109 Fed. Rep. 436.

The second assignment of error that the court erred in denying the motion for a new trial was made upon the ground that the evidence did not sustain the verdict or judgment, but the granting or refusing of a new trial is not subject to review. *Company* v. *Mann*, 130 U. S. 69; *Railway Co.* v. *Railway Co.*, 132 U. S. 191; *Wilson* v. *Everett*, 139 U. S. 616.

The third and fourth assignments of error raise the point that the trial court erred in refusing to submit to the jury certain special interrogatories requested by plaintiff in error.

The Supreme Court of Arizona construed its code with reference to the submission of such interrogatories and held its provisions to be directory and not mandatory, and this court will not reverse the decision of a territorial Supreme Court upon a construction of its code. *Sweeney* v. *Lomme,* 22 Wall. 208.

The question of the admissibility of expert testimony is for the determination of the trial court, and the action of the trial court, will not, except in an extreme case, be disturbed. *Company* v. *Blake,* 144 U. S. 476; *Company* v. *Edgar,* 99 U. S. 645; *Murphy* v. *Railway Co.,* 66 Barb. (N. Y.) 125; *Fort Wayne* v. *Coombs,* 7 N. E. Rep. (Ind.) 743; *Lynch* v. *Grayson,* 25 Pac. Rep. (N. M.) 992; *Railway Co.* v. *Bradley,* 54 Fed. Rep. 632; *Conklin* v. *Railway Co.,* 12 N. Y. Supp. 846; *Ives* v. *Leonard,* 15 N. E. Rep. (Mich.) 463; *Maughan* v. *Burns's Estate,* 23 Atl. Rep. (Vt.) 583.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The first question presented by the plaintiff in error is founded upon an exception to the refusal of the court to instruct the jury to render a verdict for the plaintiff in error, on the ground that there was no evidence that the railroad company was guilty of negligence by failing to provide a reasonably safe place for the servants of the company to work in; that the cause of the accident was the gross negligence of the conductor in ordering the cars to be detached from the train and engine, and that such negligence was that of a fellow servant of the deceased, and did not form the basis for a recovery against the defendant. We are of opinion that, taking the whole evidence, enough was proved on the part of the plaintiff below to make it proper to send the case to the jury on the question of the negligence of the company.

The next question arises in regard to the charge of the court upon the proximate cause of the accident, whether it was the

negligence of the defendant company in not furnishing a proper and reasonably safe place for its employés to work, or that it was the negligence of the conductor (a fellow servant of the deceased) in ordering the cars detached from the engine. The court charged that—

"The conductor of the train was a fellow servant of the man who was killed, and if the accident was brought about solely by the negligence of the conductor of the train, then the defendant company is not liable; or if the accident was brought about by the negligence of the conductor and the negligence of the man who was killed, the defendant company is not liable. If, however, the accident was caused by a failure of the defendant company to provide a reasonably safe place to perform the work in which the man who was killed was engaged, then the defendant company is liable in damages for the death, if it was negligent in not providing such safe place.

"The fundamental question, therefore, for you to determine in this case is, what was the cause of this accident; what brought it about?

"If you find that this accident was caused solely by the action of the conductor in the method which he employed in putting cars on the spur at the time in question, then you should find a verdict for the defendant company, and you should not award any damages to the plaintiff in this case; or if you should find that the dead man has through his own negligence brought about this accident or contributed to it, then you should find for the defendant, and you should not award any damages in this case.

"On the other hand, if you find that the defendant company was negligent in not providing a reasonably safe place for the performance of the work, you should find for the plaintiff and award her damages, provided that the negligence of the defendant in not providing such a safe place was the cause of the accident or contributed to the accident.

"To find for the plaintiff, it is not enough that you should find that the premises were unsafe, or that the defendant

company was negligent in that respect, in not providing a safe place; you must also find that the place was unsafe, and that the accident was brought about or contributed to by reason of that unsafe place. That is, if you should find that the act of the conductor was the sole, or if you should find that it was the proximate or the procuring cause of the accident, then you should not award damages; but if you find that the accident was caused by the acts of the conductor and also by the negligence of the defendant company in not providing a safe place to do the work, then you should find damages for the plaintiff. In other words, in order to award damages to the plaintiff, you must find, first, that the defendant company was negligent in not providing a safe place to do the work, and that such negligence was the cause of the accident or contributed thereto. If you find the accident was brought about solely by the acts of the conductor, you should not award damages. If the acts of the conductor alone did not cause the accident, but the accident was contributed to by the negligence of the defendant company by not providing a safe place to work, then you should award damages."

Again:

"Was the place where the deceased was working a reasonably safe place for the performance of the work to be done there—a reasonably safe place, considering the character of the work to be done and the character of the premises?

"If you find it was not reasonably safe, and the defendant company was negligent in that respect, did that fact have anything to do with the accident, or was it caused by the negligence of the conductor of the train alone?

"If it was caused solely or procured or brought about by the negligence of the conductor, then the defendant is not liable. If the negligence of the defendant company contributed to the accident, then the defendant is liable, provided the dead man himself was not guilty of any negligence, which contributed to the accident."

The company now finds fault with this charge, on the ground

that it was error to charge that unless the accident was caused solely by the action of the conductor, the defendant was liable; that "sole" cause is not synonymous with "proximate" cause,. as the action of the conductor may not have been the sole, although at the same time it may have been the "proximate" cause, and if it was the proximate cause, the company would not be liable. The rule would seem to be that if the negligence of the company had a share in causing the injury to the deceased, the company was liable, notwithstanding the negligence of a fellow servant contributed to the happening of the accident. *Grand Trunk Railway Co.* v. *Cummings,* 106 U. S. 700; *Ellis* v. *Railroad Co.,* 95 N. Y. 546, 552. But, in addition to the main charge above set forth, the court charged the jury at the request of counsel for defendant as follows: That if the manner of throwing the cars, as testified to, were unsafe, and the conductor caused the cars to be so thrown by that unsafe method, and if such act of the conductor was the proximate cause of the accident, and that such unsafe method was adopted by the conductor without the authority or direction of the defendant, the plaintiff cannot recover; that if the jury believed that the accident to the deceased was proximately caused by the negligence of the conductor, it was immaterial whether the deceased had had previous experience as a brakeman, or not; that, although the jury might believe from the evidence that other, better and safer appliances might have been used by the defendant company, yet the defendant was not thereby rendered liable in this action, if the proximate cause of the accident was the negligence of the conductor in the manner in which he conducted the work on the occasion in question; that, as the conductor was the fellow servant of the deceased, the defendant could not be held liable if the accident was proximately caused by negligence on the part of the conductor; that if the jury believed, from the evidence, that the appliances furnished by the defendant company were defective, yet if they further believed, from the evidence, that the conductor was negligent in the manner in which he con-

ducted the work on the occasion, and that such negligence was the proximate cause of the accident, without which such accident would not have happened, then the jury should find for the defendant.

We think the defendant received no prejudice from the charge as given, taken in connection with the defendant's requests to charge, which were complied with. If the defendant had desired to obtain a more specific charge in relation to the distinction between "sole" and "proximate" cause of the accident, as applied to the negligence of the conductor, the court should have had its attention specifically drawn to the objection to the word "sole," and the particular freedom from liability asserted if the negligence of the conductor were the proximate cause of the accident, as distinguished from the sole cause. A general exception to the charge as given would not raise the question. *Spring Co.* v. *Edgar*, 99 U. S. 645, 659. The requests to charge as given show the jury had its attention drawn to the proximate cause, and that if the conductor's negligence were the proximate cause, the plaintiff could not recover.

A third question arises upon the admission of evidence. Certain of the witnesses for plaintiff were called to prove that, in their opinion, the company had not furnished a reasonably safe place for its employés to work in. This was objected to on the ground that the witnesses testifying to it were not properly experts and should not be permitted to testify. One witness, who testified that the buffer was not a reasonably safe and proper one, said that he had been railroading for fifteen years, following the business of trackman during that time; that it was his business to go over the track and see if it was in proper shape; and that he had had something to do with the construction of a railroad; that he was familiar with the construction of tracks, trestles and buffers; that that was what he had had to do; that overhead structures came under another department; that he considered it unsafe for the reason that the buffer would afford an obstruction to the wheels and

that the car would slide off the tracks and go over into the ravine.

Another witness said that he had been working on railroads for twenty years, and that from his experience he had had occasion to become acquainted with structures over tracks, over bridges and highways, and buffers at the end of chutes and tracks, and as to the control of the cars, their operation and the operation of the brakes on the cars, the stopping of cars, the resisting power of buffers, etc. He said that, in his opinion, the tramway house was too close to the top of a car, and that it was an impediment to the operation of the handbrake of the car, and that the buffer at the end was not an effective obstruction. Evidence was given by other witnesses, by depositions, in regard to the structure over the railroad track and the character of the buffer.

In the cases of all the witnesses, we think the question of the admissibility of their evidence was one within the reasonable discretion of the trial court, and that the discretion was not abused. All the witnesses had had practical experience on railroads, and were familiar with structures and the character of buffers mentioned in the evidence. There was certainly enough to call upon the court to decide upon the admissibility of their opinions under these circumstances, and we ought not to interfere with the decision of the trial court in this case. *Spring Co.* v. *Edgar*, 99 U. S. 645, 658; *Chateaugay Ore and Iron Co.* v. *Blake*, 144 U. S. 476, 484.

There is no error in the record and the judgment is

*Affirmed.*