### KOCSIS v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court of Appeals, Third Circuit. January 28, 1913.)

No. 1,666.

MASTER AND SERVANT (§ 201*)—INJURY TO SERVANT—NEGLIGENCE—LIABILITY.
　　Where an employer was guilty of negligence in failing to properly maintain overhead tracks for a crane in its plant, and thereby prevent the crane from falling between the tracks, and the negligence contributed to the injury of an employé by the fall of the crane, it was not relieved from liability merely because a coemployé was concurrently negligent in starting the crane.
　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. § 201.*]

In Error to the District Court of the United States for the Middle District of Pennsylvania.

Action by Joseph Kocsis against the American Car & Foundry Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Robert Snodgrass, of Harrisburg, Pa., and Fred. Ikeler, of Bloomsburg, Pa., for plaintiff in error.

C. B. Little and Morgan S. Kaufman, both of Scranton, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Kocsis, a subject of Austria, brought an action of trespass and recovered a verdict against his employer, the American Car & Foundry Company, a corporation of New Jersey, for damages caused to him by its alleged negligence. Defendant then moved for judgment notwithstanding the verdict on its reserved point for binding instructions. On refusal by the court of such motion, and entry of judgment for the plaintiff on the verdict, defendant sued out this writ.

The sole question involved is whether the court committed error in denying defendant's motion for binding instructions. The plaintiff's statement of claim alleged, the proofs tended to show, and the verdict

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

established, the facts that plaintiff was a machine operative in defendant's car-building plant; that running the length of the building, and over the place plaintiff worked, were two parallel, suspended rails, forming the track for a small overhead crane; that previous to the accident these tracks had been so spread and out of parallel alignment as to allow the crane to fall between them; and that on the day of the accident the spread was such that when the crane, which was standing some three or four yards up the track, was accidentally pushed to a point above the plaintiff, it permitted the crane to drop entirely through, and fall upon and injure the plaintiff. "As to the condition of the tracks upon which the traveler was operated," as stated in defendant's argument, no contention is made, as, "for the purposes of the case, it must be conceded that they were out of repair." The divergent views of the parties are clearly outlined in the charge as follows:

"The plaintiff charges the defendant with failure and neglect to keep in proper repair the track or traveling way on which was run and operated the smaller crane or hoist, alleging that this track was crooked, loose, and shaky, and by reason of its defective condition the rails or track spread apart, causing the truck of the said crane to become dislodged, leaving the track, and falling between the same down and upon the plaintiff, causing such injury. To this the defendant replies, without admitting that this be true, that if you should so find as contended by the plaintiff, nevertheless they should not be held accountable for the occurrence, since the moving cause that occasioned the accident was the negligent manner in which the plaintiff's coemployé moved the steel beams or sills or operated a large or overhanging crane, which set the carrier on the smaller crane in motion, pushing it along until it left the track. I cannot affirm this contention of the defendant. The employé is not obliged to examine into the employer's method of transacting his business, and he may assume, in the absence of the contrary, that reasonable care will be used in furnishing the necessary appliances to carry on the business in which he is engaged. This duty of the master of providing a reasonably safe place for the carrying on of the work is a continuing one, and is discharged only when the master furnishes and maintains a place of that character. Did the master, the defendant company here, exercise such reasonable care for the safety of all of its employés and did it use due skill and care to make the place and appliances safe in and about the place where the defendant was employed? If not, and you find that the negligence of the master, the defendant company, in failing to provide and maintain this track upon which the carrier of the small crane was moving, by reason thereof contributed to the injury received by the plaintiff, the defendant will be liable, notwithstanding the concurring negligence of those performing the work in moving the steel beams in manner as stated. The matters of fact for you to determine, therefore, are whether or not the track or traveling way of this carrier was in such defective condition as charged by the plaintiff, and, if so, whether such was the means of causing the carrier to leave the track and drop upon the plaintiff, thereby causing the injury, and, furthermore, whether the defendant had or should have had knowledge of such defect by use of due care."

Under the proofs, we think the court rightly refused to take the case from the jury, and under the authorities (Grand Trunk Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266; Gila Valley, etc., Ry. Co. v. Lyon, 203 U. S. 465, 27 Sup. Ct. 145, 51 L. Ed. 276; Clyde v. Railroad [C. C.] 59 Fed. 394; City of Manchester v. Landry [C. C. A.] 199 Fed. 883) was justified in charging that if the defendant was guilty of negligence in failing to properly main-

tain the overhead tracks, and such negligence contributed to the plaintiff's injury, it was not relieved of liability for such negligence because another employé, as was the case in Gila Valley, etc., Ry. Co. v. Lyon, supra, was concurrently negligent in starting the crane. The jury having so found, we see no grounds for vacating the judgment entered on their verdict.

The judgment is therefore affirmed.