### TRUMANN COOPERAGE CO. v. DILLARD.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

No. 5107.

1. MASTER AND SERVANT ⊜278(16)—INJURIES TO SERVANT—EVIDENCE.

In an action by a servant, hurt by a piece of wood thrown by a rapidly revolving drop saw, evidence held sufficient to sustain a verdict in favor of the servant, on the ground that the mechanical dogs holding the wood were defective, and that the master knew it, but failed to repair.

2. EVIDENCE ⊜474(11)—OPINION—MACHINERY.

In an action by a servant, injured by a piece of wood thrown by a drop saw, testimony by an experienced sawyer, who had seen the accident, that, if the mechanical dogs intended to hold the wood had held, the piece would not have been thrown, was admissible.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by J. A. Dillard against the Trumann Cooperage Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

J. H. Hawthorne, of Kansas City, Mo., and J. C. Hawthorne, of Jonesboro, Ark., for plaintiff in error.

C. T. Carpenter, of Marked Tree, Ark., for defendant in error.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

HOOK, Circuit Judge. [1] Dillard recovered a judgment against the Trumann Cooperage Company for personal injuries sustained in its service and caused by defective machinery. He was hit by a piece of wood thrown by a rapidly revolving drop saw, used to cut into short lengths logs held by mechanical dogs operated by steam. The negli-

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gence charged was in a defective condition of the dogs, which permitted the logs to wabble and be thrown out of position while being cut.

It is urged that the evidence was not sufficient to sustain the verdict; but there was substantial testimony that the dogs were working defectively, that the company knew it and failed to repair, and that the accident consequently resulted. Counsel weigh it too nicely and technically. The testimony of men as to conditions and occurrences which they have observed in the ordinary walks of life and with which they are familiar should be taken more roughly and practically.

[2] Complaint is also made that a witness was allowed to testify that, if the dogs had held the log, the piece would not have been thrown by the saw. The witness had seen the accident. He was a man of six years' experience as a sawyer, had operated drop saws, and for five years had been in the service of the defendant in nearly every capacity, except that of foreman. The court did not err in admitting the testimony. Gila Valley, Globe & Northern Ry. Co. v. Lyon, 203 U. S. 465, 474, 27 Sup. Ct. 145, 51 L. Ed. 276.

The judgment is affirmed.