**CADDELL v. POWELL et al.**

No. 3588.

Circuit Court of Appeals, Fourth Circuit.

April 3, 1934.

On Rehearing May 2, 1934.

Leon S. Brassfield and Clyde A. Douglass, both of Raleigh, N. C. (William B. Jones, of Raleigh, N. C., and J. B. Saintsing, Jr., of Wake Forest, N. C., on the brief), for appellant.

Murray Allen, of Raleigh, N. C., for appellees.

Before PARKER and SOPER, Circuit Judges, and WILLIAM C. COLEMAN, District Judge.

PARKER, Circuit Judge.

This is a railroad crossing accident case in which verdict was directed for the defendants on the issue of negligence. Defendants, while contending that the action of the lower court in directing verdict on this ground was correct, contend also that verdict should be sustained on the additional ground that the evidence shows conclusively that the death of plaintiff's intestate was the result of contributory negligence on his part. Two questions are presented by the appeal: (1) Whether the evidence justifies the conclusion that the negligence of the servants of defendants in the operation of their train was a proximate cause of the death of plaintiff's intestate, in view of the evidence as to the negligence of the driver of the bus in which intestate was riding, in driving on the track in front of an on-coming train; and (2) whether contributory negligence on the part of intestate was so conclusively shown as to require direction of a verdict on that ground. We think that, on the authority of Miller v. Union Pacific R. Co., 290 U. S. 227, 54 S. Ct. 172, 174, 78 L. Ed. 285, both of these questions must be answered in favor of plaintiff.

The fatal accident occurred in the town of Wake Forest, N. C., at the crossing immediately north of defendants' passenger station, which was in the heart of the town. Plaintiff's intestate was riding in the rear of a school bus which was being driven by another person. The bus was proceeding across the railroad track in an easterly direction at a speed of about ten miles an hour, when it was struck by a north-bound passenger train of defendants, and intestate was instantly

killed as a result of the collision. There is evidence that the train was traveling at a speed of from thirty-five to fifty miles per hour, although an ordinance of the town forbade a speed of exceeding ten miles. This ordinance required, also, that the bell of the locomotive be kept ringing while passing through the town; and a number of witnesses testified that they heard no bell, although in position where they might have heard it if it had been ringing. There is evidence, too, that the only signal given by the whistle of the engine was at a time when it was several hundred yards distant and below a filter plant at the edge of the town. The crossing was equipped with signal lights and gong; but a number of witnesses who were present at the time testified that they did not observe the signal lights flashing or hear the gong.

The highway upon which the truck was traveling approached the railroad track from the west through a deep cut. Immediately south of the highway and west of the track was defendants' passenger station. The track curved immediately south of the station. As a result of these conditions, it was impossible for one approaching from the west to see down the track toward the south until within a few feet of it. The driver of the bus did not stop, but proceeded across the track at the ten-mile per hour speed at which he had been traveling. Plaintiff's intestate was not directing the driving, but was talking through one of the back windows of the bus to the driver of a car, who was following immediately behind.

There can be no question but that the testimony establishes negligence on the part of the defendants. The speed in excess of that permitted by the town ordinance, the failure to have the bell of the locomotive ringing, the failure to blow a crossing signal—all of these, when taken in connection with the testimony from which it may be inferred either that the crossing signals were not operating or were not efficient for the purpose intended, certainly make a case of negligence for the consideration of the jury. And we think it equally clear that the jury would be justified in inferring that this negligence was a proximate cause of the collision which caused intestate's death. They might well conclude that the driver of the bus would have been apprised of the danger and would not have driven upon the track if the bell of the locomotive had been ringing, or if a crossing signal had been blown, or if efficient warning signals had been given by the crossing lights and gong. They might also conclude that, if the train had been operated within the speed

required by the ordinance, the driver would have seen it in time to stop before driving upon the track, or would have had opportunity to get out of danger before the train reached the crossing. When the evidence is viewed in the light most favorable to plaintiff, it certainly justifies the conclusion that one of the causes of the fatal accident was the fact that the train came around the curve onto this blind crossing at an unlawful rate of speed and without giving proper signals for the warning of persons using the highway.

But it is argued, and this seems to be the ground upon which the learned judge below proceeded, that the driver of the car was guilty of contributory negligence in driving upon the crossing without stopping to look and listen, and that this negligence on his part was an intervening efficient cause, by which the negligence of the defendant was insulated and the negligence of the driver made in contemplation of law the sole cause of the fatal accident. Reliance for this position is based upon Herman v. A. C. L. R. Co., 197 N. C. 718, 150 S. E. 361; Holt v. N. & W. R. Co., 201 N. C. 638, 161 S. E. 76; Hinnant v. A. C. L. R. Co., 202 N. C. 489, 163 S. E. 555; and Sou. Pac. Co. v. Ralston (C. C. A. 10th) 62 F.(2d) 1026. The facts of all of these cases were very different from the facts in the case at bar; and, without passing upon the questions which they involved, we do not think that they are authority for defendants' position here. Assuming that the driver of the bus was guilty of negligence, we have a clear case of concurring negligence. If it be true that the collision would not have occurred but for the negligence of the driver, it is also true that the inference is justified that it would not have occurred but for the negligence of the defendants. There was no "insulation" of their negligence. On the contrary, the evidence justifies the finding that it continued up until the collision, and was at least one of the efficient causes thereof. An occurrence of this sort is not to be divided up and negligence excused on the basis of metaphysical speculation. It must be viewed in a practical way and as an entirety; and, if the negligence of two persons has contributed to the injury of one who is without fault, neither should be excused because of the negligence of the other. Washington & Georgetown R. Co. v. Hickey, 166 U. S. 521, 525, 17 S. Ct. 661, 41 L. Ed. 1101. The recent case of Miller v. Union Pac. R. Co., supra, is squarely in point; and for the solution of the question before us nothing need be added to the fol-

lowing passage from the opinion of the Supreme Court in that case:

"The negligence sought to be established against the railroad company was not only failure to sound the whistle, but operation of the train at a rate of speed dangerous and unusual, and which necessarily would bring the train into the city at a speed far beyond the limit prescribed by the city ordinance. Assuming, upon these facts, that a finding by the jury that the train was negligently operated would be justified, such negligence continued without interruption down to the moment of the accident. The same is equally true in respect of the contributory negligence of the driver of the automobile. The result, therefore, is that the contributory negligence of the driver did not interrupt the sequence of events set in motion by the negligence of the railroad company or insulate them from the accident, but concurred therewith so as to constitute in point of time and in effect what was essentially one transaction.

"The rule is settled by innumerable authorities that if injury be caused by the concurring negligence of the defendant and a third person, the defendant is liable to the same extent as though it had been caused by his negligence alone. 'It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third party contributed to the injury.' Choctaw, O. & G. R. Co. v. Holloway (C. C. A.) 114 F. 458, 462. See, also, Grand Trunk Railway Co. v. Cummings, 106 U. S. 700, 702, 1 S. Ct. 493, 27 L. Ed. 266; Gila Valley R. R. Co. v. Lyon, 203 U. S. 465, 473, 27 S. Ct. 145, 51 L. Ed. 276; Union Pac. Ry. Co. v. Callaghan (C. C. A.) 56 F. 988, 993; Chicago, R. I. & P. Ry. Co. v. Sutton (C. C. A.) 63 F. 394, 395; Chicago, St. P. & K. C. Ry. Co. v. Chambers (C. C. A.) 68 F. 148, 153; Shugart v. Atlanta, K. & N. Ry. (C. C. A.) 133 F. 505, 510, 511; Pacific Telephone & Telegraph Co. v. Hoffman (C. C. A.) 208 F. 221, 227; Memphis Consol. Gas & Electric Co. v. Creighton (C. C. A.) 183 F. 552, 555.

"The case last cited is peculiarly apposite. There the owner of a house, being unable to shut off the gas, telephoned the gas company asking that some one be sent to look after the matter. There being some delay, the owner, in attempting to find the leak, lighted a match which caused an explosion of accumulated gas. Creighton was injured thereby and brought suit against the gas company. That company insisted that the proximate cause of the injury was the act of the owner in bringing the lighted match in contact with the gas. The court in rejecting the claim said:

" 'This might be so if it had been a supervening cause which rendered the first cause inoperative. The truth of the matter is that the causes of the injury were concurrent. The accumulation of the gas was one; the lighted match was the other. The effect of the former had not ceased, but co-operated with that of the other in effecting the injury. In such case an inquiry about the proximate cause is not pertinent, for both are liable.' "

And we find nothing in the case which would justify the direction of a verdict on the ground that the plaintiff's intestate was guilty of contributory negligence. He was not directing the driving of the bus or assisting in any way in the driving. He presumably knew that the crossing had been equipped with automatic signals; and there is nothing to show that he knew that the signals were not working, or that there was reason to think that the driver would ignore them. Cases can be imagined where one riding in a motor vehicle and not directing or assisting in the driving would be guilty of contributory negligence, as where he sees that the driver is ignorant of impending danger and fails to warn him, or where he acquiesces in, or fails to protest against, reckless conduct of the driver; but no rule of law or of common sense requires the passenger in an automobile to assume in every case that the driver will act with negligence and take upon himself the role of "back seat" driver. In ordinary cases a motor vehicle will be driven with greater safety to all parties concerned if the passengers will let the driver alone. See Miller v. Union Pac. R. Co., supra, and Southern Pac. Co. v. Wright (C. C. A. 9th) 248 F. 261, 264; Pyle v. Clark (C. C.) 75 F. 644.

For the reasons stated, the judgment of the court below will be reversed, and the case will be remanded for a new trial.

Reversed.

### On Rehearing.

PER CURIAM.

This case was removed into the court below under section 33 of the Judicial Code as amended, 28 USCA § 76, on the ground that the defendant receivers had been appointed by a court of the United States and were officers of that court. No other ground of federal jurisdiction is alleged. Under the recent decision of the Supreme Court in Gay v.

*Ruff* (U. S.) 54 S. Ct. 608, 78 L. Ed. ——, it appears that the case was improperly removed and that the court below was without jurisdiction. The former judgment of this court, remanding the case to the court below for a new trial, will accordingly be set aside, and the case will be remanded to the court below with direction to set aside the judgment and remand the case to the superior court of Wake county, N. C.

Reversed and remanded.