# Richmond

JESSE F. BASKETT v. LEON BANKS, ET ALS.

November 26, 1947.

Record No. 3242.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Staples, JJ.

The opinion states the case.

*F. P. Banks* and *B. A. Banks*, for the plaintiff in error.

*White, Ryan & Holland* and *E. L. Ryan, Jr.*, for the defendants in error.

STAPLES, J., delivered the opinion of the court.

The plaintiff in error, Jesse F. Baskett, instituted this action by a notice of motion for judgment in the Circuit Court of the City of Norfolk returnable on October 1, 1946. The notice alleges that the defendants, as partners, owned and operated a motion picture theater at No. 4405 Hampton Boulevard in the City of Norfolk; that on August 21, 1946, plaintiff purchased a ticket at the box office, entered said theater and occupied a seat; that a picture was then being shown on the screen; that while he was sitting in his seat the defendants' servants and agents, without any fault on the part of the plaintiff and without any reason for so doing, wilfully and maliciously struck, seized, and

assaulted him, and with force and violence ejected him from the theater, and thereafter knocked him into the street from the sidewalk; that as a result thereof he sustained very serious injuries, suffered great physical pain, was deprived of both past and future earnings, and was put to great cost for medical and hospital treatment and other expenses. He sought damages in the sum of ten thousand dollars. The jury returned a verdict for five hundred dollars damages. The plaintiff's motion to set same aside on the ground of inadequacy, and because contrary to the law and the evidence, was overruled by the trial court and judgment in favor of the plaintiff was rendered for the amount of the verdict, to which plaintiff duly excepted. We granted this writ of error to review this action of the trial court.

The defendants' manager and another employee who ejected the plaintiff testified that the plaintiff was coughing and expectorating on the floor of the theater, and appeared to be intoxicated; that the manager politely asked the plaintiff to "come on lets go and get some air", and thereupon the plaintiff struck him and tried to choke him. The testimony of the plaintiff and a number of patrons who were seated in the theater was to the effect that the manager struck the plaintiff repeated blows on the head and face with a flashlight and thereafter, with the assistance of his fellow employee, ejected the plaintiff with great force and violence, and catapulted him through the door on to sidewalk. There is no dispute about the fact that the manager struck the plaintiff a terrific blow with his fist while he was on the sidewalk a short distance from the theater entrance, but there is conflict in the testimony as to the circumstances attending this incident. This blow knocked the plaintiff unconscious and he was carried home in a police ambulance. The plaintiff and several of his witnesses testified that this attack upon him occurred a very short time after he was ejected, while the defendants claimed it took place considerably later. The manager testified that he was just leaving the theater on the way home for supper and,

as he passed by the plaintiff on the sidewalk, the latter called him a foul and vile name which caused him to return and deliver the blow which knocked the plaintiff out.

The first assignment of error is to the refusal of the trial court to set aside the verdict on the ground of inadequacy of the five hundred dollars damages allowed.

The instructions submitted to the jury the question whether the second assault was so closely related to the first that the manager would be deemed to be still acting as the agent of the defendants when it occurred, or whether it was an entirely separate and independent act, unrelated to his official duties or employment for which his employers would not be liable. The manager himself was not sued along with the owners of the theater, they being the only defendants. In this state of the record it cannot be determined whether the jury found the defendants liable for both assaults or only for one. Nor does the evidence satisfactorily show the extent of the damages sustained in each. As a new trial must be granted both on the question of liability and the amount of the damages because of errors in the instructions given the jury, we will not consider the question of the inadequacy of the damages allowed.

Defendants' instruction No. 3 was given as follows:

"The Court instructs the jury that a theatre ticket is a mere license revocable at the pleasure of the proprietor, at any time, and if the purchaser remains after revocation, he becomes a trespasser and may be removed by force, and even if you should believe from the evidence in this case that the plaintiff was ejected from the *treatre* by force, but that such force was not unreasonable under the circumstances, then your verdict must be for the defendants."

The plaintiff excepted on the ground that there was no evidence that the defendants revoked or undertook to revoke the license conferred by the admission ticket prior to the infliction of the injuries complained of. The testimony of the theater manager as to what happened immediately prior to his phyiscal encounter with the plaintiff was as follows:

"I walked into the aisle and tapped him" (defendant) "on the shoulder. * * * I said: 'Come on and let's go and get some air.' * * * I figured he was going to get up and go on out, but, as he got up, he swung with his right hand and caught me beside the ear. * * * ." It is clear that defendants relied entirely upon this alleged misconduct of the plaintiff as their justification for expelling him from the theater and did not revoke or undertake to revoke the license.

██ The defendants say that, even if it was error to give the instruction, it could not have been prejudicial, because the jury were told in plaintiff's instruction No. 1 that plaintiff had "the right of absolute protection against any assault and violence from its servants and employees, * * * ." However, this instruction provided also as a condition of plaintiff's recovery that he must have been ejected "without sufficient cause". Since defendants' theory that there were two separate assaults was submitted to the jury, they may have concluded that the defendants were liable only for the injuries sustained after the ejection on the theory that plaintiff was a trespasser while inside the theater upon the principle stated in this instruction. This might very well have affected the quantum of damages allowed. We conclude that the giving of the instruction in the absence of any evidence of a revocation of the license was error which may have prejudiced the plaintiff.

Plaintiff also urges that the principle of law, as stated in the instruction with respect to the revocability of the ticket license, is not a correct one. This question was not raised in the court below, however, as required by Rule 22 of the court, and, as the instruction is not likely to be given in a subsequent trial of this case, it will not be considered here.

Plaintiff also assigns as error the giving of defendants' instruction No. 6, which is as follows:

"The Court instructs the jury that if you believe from the evidence in this case that there were two separate in-

cidents involving Townsend and the plaintiff, and that the plaintiff initiated the second incident and thus brought on his own injuries, then your verdict must be for the defendants as to any injuries resulting from the second incident. And if you believe he sustained no injuries in the first incident, or if you are unable to determine what, if any, injuries he sustained in the first incident, then your verdict must be for the defendants."

The instruction presupposes a finding for the plaintiff for wrongful ejection from the theater. The plaintiff excepted to same on the ground that there was insufficient evidence to support an instruction based on the theory that there were two separate and independent torts committed against the plaintiff. The testimony of the plaintiff and his witnesses was to the effect that the theater manager walked up to the plaintiff and struck him while he was standing on the sidewalk and only a few moments after the plaintiff was ejected from the theater. However, the defendants were entitled to a correct instruction on their theory of the case if the testimony of their witnesses was sufficient to support it. The testimony of defendants' witness is to the effect that the plaintiff, after being ejected from the theater, was in a highly excited condition; that he remained in front of the theater quite a long time, urging people not to go in; that he attempted to re-enter the theater shouting through the door, calling the manager vile names and insisting that he come out; that he stayed out in front mumbling but he finally moved up the street about fifty feet from the theater; that after talking with the ticket seller about ten minutes the manager, intending to go to supper, walked up the street passing the plaintiff who again applied the same vile epithets to him and repeated them, whereupon the manager struck him the blow which knocked him out; that the manager returned to the theater and directed the ticket seller to phone for the police and remained there until they arrived and took the plaintiff home. The manager did not claim that the plaintiff undertook to attack

him on the sidewalk, or even to put up any defense to the blow which the manager struck him.

██ We hold this evidence sufficient to support an instruction predicated upon the theory that the second assault was committed at a time when the manager was acting outside the scope of the duties of his employment. However, such instruction at a subsequent trial, if the evidence supports same, or some other instruction, should inform the jury with respect to the legal principles applicable. The plaintiff argues here that the real purpose of the manager in assaulting the plaintiff the second time was to stop his statements to prospective patrons that he had been assaulted in the theater without cause and warning them not to enter the theater. If the jury should so believe, the second assault would have been within the scope of the manager's employment. Therefore, should the evidence at a future trial be sufficient to support this theory of the plaintiff, this or some other instruction should so inform the jury.

██ The jury should also be instructed upon the question whether the second assault grew out of and was the proximate result of the first attack, if the evidence at a new trial is substantially the same as at the last.

██ We do not think the instruction should place upon the plaintiff the burden of proving absolutely and precisely the extent of the injuries resulting from each attack. The jury should be left free to form their own judgment from the evidence adduced. *Jefferson Standard Life Ins. Co.* v. *Hedrick*, 181 Va. 824, 835, 27 S. E. (2d) 198.

 The plaintiff insists that the instruction is erroneous because it should have told the jury that if two separate and distinct assaults were committed upon him, for only one of which the defendants are responsible, the defendants are liable for all damages sustained in both, in the absence of proof as to the injuries attributable to each. He bases his argument upon the theory that, under such conditions, they occupy a position analagous to that of joint tort feasors. We do not think the authorities he

relies on[1] can be properly applied to the facts in this case, if the jury should find that the plaintiff's own responsible acts are the primary cause of his injuries. The applicable principle is thus stated in *Panther Coal Co.* v. *Looney,* 185 Va. 758, 771, 40 S. E. (2d) 298: "No person is entitled to recover from another for damages which have been occasioned by his own act or his own neglect."

The next error assigned is the giving of defendants' instruction No. 1 as follows:

"The Court instructs the jury that if they believe from the evidence in this case that plaintiff used offensive or insulting words to Townsend, then such words may be considered in mitigation or reduction of the damages, if any."

If the evidence on the second trial is the same as that in this record, we think it should be made clear that the instruction is not applicable to the first assault or to any injuries caused thereby.

For the reasons stated the judgment of the circuit court is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

---

[1] *Grand Trunk Ry. Co.* v. *Cummings,* 106 U. S. 700, 1 S. Ct. 493, 27 L. Ed. 266; *Walton* v. *Miller,* 109 Va. 210, 63 S. E. 458, 132 Am. St. Rep. 908; *Washington Gas Light Co.* v. *Lansden,* 172 U. S. 534, 551-2, 19 S. Ct. 296, 43 L. Ed. 543.