## PIONEER IMPORT CORPORATION v. THE LAFCOMO et al.

### No. 102.

Circuit Court of Appeals, Second Circuit.

Nov. 16, 1943.

Writ of Certiorari Denied Jan. 31, 1944.

See 64 S.Ct. 523.

Arthur M. Boal, of New York City (Tompkins, Boal & Tompkins, of New York City, on the brief), for claimant-appellant.

John W. Crandall, of New York City (Hunt, Hill & Betts, of New York City, on the brief), for respondent-appellant.

George C. Sprague, of New York City (Iselin, Riggs, Ferris & Mygatt, Morris Douw Ferris, and H. C. Archibald, all of New York City, on the brief), for libellant-appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

### CLARK, Circuit Judge.

This is a libel in rem against the S. S. "Lafcomo," owned by claimant, and in personam against respondent, operator of the vessel under a time charter, for damages to a shipment of lily of the valley pips due to their negligent stowage without tarpaulin covering on the foredeck of the vessel during its passage from Rotterdam to New York in November-December, 1939. The court below found for libellant.

Lily of the valley pips, or rootstocks, before the present war were commonly grown in Germany, and, being dug in the fall, were shipped under refrigeration for commercial forcing in this country during the winter. This shipment was originally booked for carriage in refrigerated space of a vessel of the Holland-American line; but the booking was cancelled because of an impending British embargo on goods of German origin. Then libellant arranged for shipment by respondent with the notation on the bill of lading, "Shipped on deck at shipper's risk." When the shipment arrived at New York the pips were so badly damaged by sea water that they were worthless commercially. Respondent and claimant contend that libellant by providing for on-deck stowage had assumed the risk of damage to the pips through exposure to the elements; respondent asserts further that at most the damages should be divided because libellant assumed at least part of the risk; and each claim that in any event the other should bear the burden of the loss. The District Court, however, resolved the most seriously disputed issue of fact—whether libellant's original demand for the covering of the pips with tarpaulins was withdrawn—in favor of libellant, and found negligence in the stowage because the boxes of pips were not covered by tarpaulins and because they were placed in the wings of the hatches, rather than on the hatch covers, where they would have been above the water on deck and would have allowed the sea to drain off through freeing ports, mooring rings and scuppers. It therefore found both claimant and respondent liable to libellant for the loss, but held that as between the two, respondent must bear the entire loss.

The well-reasoned opinion of Leibell, J., below, 49 F.Supp. 559, leaves little for us to add. There is ample evidence to sustain his findings. Upon the finding that there was no agreement by the shipper that the deck cargo need not be covered, the vessel is liable, as well as the common carrier. Salt water is obviously harmful to plant life, and the finding of negligence in stowage was justified. The shipper accepted the risk of losses from carriage on deck only so far as they occurred under proper stowage. See Hough, J., in The Royal Sceptre, D.C.S.D.N.Y., 187 F. 224, 228; Compania de Navigacion La Flecha v. Brauer, 168 U.S. 104, 123, 124, 18 S.Ct. 12, 42 L.Ed. 398. The ship was thus unseaworthy in respect to its carriage. The J. L. Luckenbach, 2 Cir., 65 F.2d 570, 572; The Thomas P. Beal, 3 Cir., 11 F.2d 49. Both respondent and the vessel are therefore liable; the maritime lien against the ship for safe carriage obtains whether or not it was under charter. The Maggie Hammond, 9 Wall. 435, 449, 450, 76 U.S. 435, 19 L.Ed. 772; Taylor Bros. Lumber Co. v. Sunset Lighterage Co., 2 Cir., 43 F.2d 700, 701; The Esrom, 2 Cir., 272 F. 266, 271, certiorari denied 257 U.S. 634, 42 S.Ct. 47, 66 L.Ed. 408.

Libellant was not in fault and there is no basis for application of the rule of divided damages in tort. Respondent has not been able to prove what the damage would have been if proper stowage had been made. See Schnell v. The Vallescura, 293 U.S. 296, 307, 55 S.Ct. 194, 79 L.Ed. 373. And since, as the court found, libellant's demand for tarpaulin coverage was never withdrawn, the statement of respondent's agents to the "Lafcomo's" captain to the effect that tarpaulins were not needed was a gross misrepresentation of fact, and respondent should therefore be held for the entire damage as against the claimant.

Canadian Transport Co. v. Court Line, Ltd., [1940] A.C. 934.

 Libellant's cross-assignment of error to the action of the court in refusing it final judgment, but referring the issue of damages to a commissioner, based on its contention that the amount of loss was settled by the findings of fact, cannot be sustained. All that was determined was the cost price of the pips abroad, which does not of itself establish the market value of unrefrigerated pips in New York. The reference was a valid exercise of the court's discretion. United States Willow Furniture Co. v. La Compagnie Générale Transatlantique, 2 Cir., 271 F. 184.

Judgment affirmed.