## PIONEER IMPORT CORPORATION v. THE LAFCOMO et al,

Circuit Court of Appeals, Second Circuit.
Feb. 7, 1947.
Writ of Certiorari Denied May 5, 1947.
See 67 S.Ct. 1310.

John W. Crandall, of New York City (Hunt, Hill & Betts, Tompkins, Boal & Tompkins, and Arthur M. Boal, all of New York City, on the brief), for appellants.

George C. Sprague, of New York City, for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

In a previous decision in this case, Pioneer Import Corporation v. The Lafcomo, 2 Cir., 138 F.2d 907, certiorari denied Black Diamond Lines v. Pioneer Import Corporation, 321 U.S. 766, 64 S.Ct. 523, 88 L.Ed. 1063, we affirmed an interlocutory decree, Pioneer Import Corporation v. The Lafcomo, D.C.S.D.N.Y., 49 F.Supp. 559, holding claimant and respondent liable for the destruction of libellant's cargo. Now respondent and claimant have appealed from a final judgment determining the amount of that liability.

Because of the unavailability of refrigerated space in the fall of 1939, libel-

lant shipped a cargo of lily of the valley pips from Rotterdam to New York on the deck of the steamship Lafcomo, owned by the claimant and operated by the respondent. Although it was agreed between libellant and respondent that the shipment was to be covered with tarpaulins, respondent's employees did not so cover it. Because of this omission and because of respondent's negligent stowage of the shipment in the wings of the hatches, instead of atop them, the shipment was rendered completely worthless by inundating sea water. Appealing, respondent and claimant seek to limit their liability for the loss to the invoice value of the shipment in accordance with the terms of a limitation-of-liability clause in the bill of lading. The contract of carriage, however, called for stowage with tarpaulins, not without. By failing to cover the shipment with tarpaulins, appellants deviated fundamentally from the agreed method of transportation. They are therefore deprived of the benefit of the limitation clause. St. Johns N. F. Shipping Corporation v. S. A. Companhia Geral Commercial do Rio De Janeiro, 263 U.S. 119, 44 S.Ct. 30, 68 L.Ed. 201; The Sarnia, 2 Cir., 278 F. 459, certiorari denied Sarnia S. S. Co. v. DeVasconcellos, 258 U.S. 625, 42 S.Ct. 382, 66 L.Ed. 797. The fact that the claim is based on negligence does not affect the applicability of this rule to the measure of damages. The proper measure of damages, as the District Court held, was the market value of the cargo in New York, had it been covered with tarpaulins during the voyage. Olivier Straw Goods Corporation v. Osaka Shosen Kaisha, 2 Cir., 47 F.2d 878, 74 A.L.R. 1378, certiorari denied Osaka Shosen Kaisha v. Olivier Straw Goods Corporation, 283 U.S. 856, 51 S.Ct. 648, 75 L.Ed. 1462.

■ The District Court referred the question of damages to a commissioner. Before the commissioner, appellants introduced evidence of the value of the pips in New York had they arrived in a sprouted condition. Neither the commissioner nor the District Court, however, made findings on this point; and to this appellants assign error. But the pips had not arrived sprouted. Moreover, at the first trial of the case, the District Court had found as a fact that the pips would not have arrived sprouted had they been covered. Pioneer Import Corporation v. The Lafcomo, supra, D.C.S.D.N.Y., 49 F.Supp. 559, 563. By this finding the court decided against appellants on their argument that libellant had suffered no damages at all because the pips would still have arrived in a sprouted condition even had they been covered. Appellants had supported this argument with testimony that if the pips had sprouted they would have been substantially worthless. Had appellants prevailed on this argument the question of liability would have been decided in their favor. The finding was therefore an integral part of the court's holding on liability. Since we approved it on appeal, the question of sprouting was foreclosed to appellants before the commissioner and the District Court below. Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, 37 L.Ed. 432; Skillern's Ex'rs v. May's Ex'rs, 10 U.S. 267, 6 Cranch 267, 3 L.Ed. 220. Moreover, as thus approved, both the fact found and the legal conclusion from it became an adjudication for the case, which there is no occasion to reopen now. Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152; Ford Motor Co. v. Hotel Woodward Co., 2 Cir., 271 F. 625, 627 certiorari denied 256 U.S. 698, 41 S.Ct. 537, 65 L.Ed. 1177; Id., 259 U.S. 588, 42 S.Ct. 590, 66 L.Ed. 1078; Lackner v. McKechney, 7 Cir., 2 F.2d 516, certiorari denied Lackner v. Starr, 267 U.S. 601, 45 S.Ct. 462, 69 L.Ed. 808.

■ The commissioner found that the value of the pips in New York, had they been shipped in refrigerated space, would have been $71,212.50. From this figure he deducted 20 per cent because the pips had been shipped in unrefrigerated space. The resulting figure, $56,970, with interest and costs, he assessed as libellant's damages. The District Court sustained libellant's exceptions to the commissioner's report and entered judgment for the higher figure, apparently on the theory that the commissioner's value differential was based on testimony that the pips would have arrived in a sprouted condition. But the commissioner had based the differential on

testimony that pips refrigerated during the voyage could be stored much longer after arrival than unrefrigerated, though unsprouted, pips. Hence they could be held for sale in the scarce summer season, and thus command a higher price. Although contradicted, this testimony was sufficient to support the commissioner's finding on value. Since the finding was not clearly erroneous, the District Court erred in reversing it. Todd Erie Basin Dry Docks v. The Penelopi, 2 Cir., 148 F.2d 884, 886; Crowell v. Benson, 285 U.S. 22, 51, 52, 52 S.Ct. 285, 76 L.Ed. 598.

Modified for the entry of judgment for libellant of $56,970, with interest from December 16, 1939, and costs, against both respondent and claimant, with recovery over by claimant against respondent as before. Costs in this court will be equally divided between the appellee and the appellants.