WIEDER v. ISBRANDTSEN CO., Inc.
No. 108, Docket 21788.

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1950.

Decided Jan. 11, 1951.

498

Harry D. Graham, New York City, for libellant-appellee.

Corydon B. Dunham, New York City (Raymond E. Stefferson, New York City, of counsel), for respondent-appellant.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Respondent's Appeal.

■ The Commissioner, who heard the oral testimony of the libellant, of the ship's master, and of several other witnesses, believed libellant's testimony, which is, to say the least, not refuted by respondent's written communications with its own agents. In such circumstances, of course, the district judge had to accept the Commissioner's findings, and so, too, must we.[1]

2. Libellant's Cross-Assignment of Error.

■ We agree, however, with libellant that the Commissioner erred as to the period during which respondent wrongfully withheld the balance of the wages.[2]

(a) There is nothing to support the Commissioner's statement that conditions in Japan made it reasonable to delay payment until libellant left Kobe.[3] Under 46 U.S.C.A. § 596, he should have been paid four days after his discharge, or twenty-four hours after the cargo was discharged, whichever first happened, i. e., on January 18. (b) His attorney properly refused to accept the conditional payment tendered on or about May 23. (c) As the respondent made the deposit in the Registry on July 1, the double wages are recoverable from January 19 through June 30 inclusive.

Affirmed on respondent's appeal; modified on libellant's cross-assignment.

1. See, e.g., Ozanic v. United States, 2 Cir., 165 F.2d 738, 742.

2. Here we do not disagree with any facts found by the Commissioner on any issue involving credibility.

3. Indeed, respondent's brief says: "It is to be borne in mind that respondent had an agent at Kobe, A. P. Pattison & Co. Inc., whose function it was to furnish

the vessel with money, convert American dollars to scrip or Japanese yen, or vice versa, or pay by certified check against American banks. It is inconceivable that a vessel like the S. S. Stephen W. Kearney should call at a foreign port without the need of some means for the discharge of fiscal obligations and to that end the ship's agent, A. P. Pattison & Co., Inc., supplemented the duties of the master."