**GARDNER**

v.

**THE DOLPHIN et al.**

**No. 23, Docket 22749.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 9, 1953.

Decided Nov. 2, 1953.

Sidney M. Wittner, New York City, for libelant-appellant, Charles Gardner; Louis J. Merrell, New York City, of counsel.

Mendes & Mount, New York City, for libelant-appellee, Bethlehem Steel Co.; Frank A. Bull and Daniel Huttenbrauck, New York City, of counsel.

Fidler & Mirabel, Brooklyn, N. Y., for libelant-appellee, City of Miami; Milton M. Fidler, Brooklyn, N. Y., argued.

Before CHASE, Chief Judge, and CLARK and FRANK, Circuit Judges.

PER CURIAM.

The report of the commissioner shows that the appellant, and another who for present purposes may be ignored, chartered the Motor Vessel *Dolphin* for operation by them in inland water service in the United States for a period of five years with an option of renewal for a like term. She was then in Florida and the agreement provided that appellant would take the vessel to New York at his own expense, not to exceed $7,500. The net proceeds from the operation of the vessel were to be divided equally between the owner and the appellant, who agreed not to allow her to become subject to liens, after he had first been reimbursed from such proceeds for his expenses incurred in bringing her to New York. It also shows, despite the fact that the choice of language does lend some color to appellant's charge of inconsistency between parts of the findings in respect to his claim, that after appellant had notified the owner that he would repudiate the agreement because the condition of the vessel had been misrepresented to him he was persuaded to change his mind and to continue the original agreement modified by the promise of the owner to reimburse him, upon her arrival there, for the expense of taking the vessel to New York. The evidence so supports such findings that they are not clearly er-

roneous and we accept them as did the trial judge. Wieder v. Isbrandtsen Co., 2 Cir., 186 F.2d 496; Pioneer Import Corporation v. The Lafcomo, 2 Cir., 159 F.2d 654.

The appellant brought the vessel to New York and placed her in a shipyard to be repaired. The owner did not reimburse him as promised and he libelled the vessel, as did others, claiming a maritime lien for his disbursements some of which were made to pay claims of those who did have maritime liens for wages.

No one claimed the vessel or filed any answers to the libels. She was sold and the proceeds are being held subject to decree. The appellant was held to have no maritime lien but was decreed the remainder of the fund, which was insufficient to pay his claim in full, after the claims of other libellants having maritime liens were satisfied.

His exceptions to the report raised only the question of his right to a maritime lien and that is the issue before us.

Under the charter agreement as modified the entire vessel was let to the appellant for operation in a joint venture with the owner. Not only did the agreement give the appellant no authority to permit liens to be created against the vessel but he had expressly promised not to allow the vessel to become subject to liens. He was, moreover, under his arrangement with the owner, himself a special owner in full possession and control of the vessel for the service for which she was demised for the five year period. United States v. Shea, 152 U.S. 178, 190, 191, 14 S.Ct. 519, 38 L.Ed. 403; Cf. Leary v. United States, 14 Wall. 607, 610, 611, 20 L.Ed. 756. We reserve the question whether he could have, by paying claims of maritime lienors, acquired by subrogation maritime liens good as against the owner. It is enough for present purposes that he could not as against maritime lienors who were strangers to the title. The Frank Brainerd, D.C., 3 F.2d 664; The Kongo, 6 Cir., 155 F.2d 492.

Affirmed.