BROWN

v.

AMERICAN–HAWAIIAN S. S. CO. et al.

No. 11186.

United States Court of Appeals Third Circuit.

Argued Jan. 21, 1954.

Decided Feb. 9, 1954.

As Amended March 17, 1954.

Rehearing Denied March 23, 1954.

Mark D. Alspach, Philadelphia, Pa. (Krusen, Evans and Shaw, Philadelphia, Pa., on the brief), for appellant.

George E. Beechwood, Philadelphia, Pa. (Lewis Weinstock, Conlen, LaBrum & Beechwood, Philadelphia Pa., on the brief), for Luckenbach S. S. Co.

William M. Alper, Philadelphia, Pa., for plaintiff.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

On February 4, 1949, one Preston Brown, then an employee of Luckenbach Steamship Company, Inc., was injured while aboard the S. S. Belgium Victory, a vessel operated under bareboat charter by American-Hawaiian Steamship Company. At the time of the injury Luckenbach had a stevedoring contract with American-Hawaiian pursuant to which Brown and other stevedore employees of Luckenbach were engaged in unloading operations. Brown instituted a civil

suit against American-Hawaiian, as *pro hac vice* owner of the vessel, alleging unseaworthiness and negligence in that it had failed to provide him with a safe place to work and had neglected to furnish and maintain proper equipment and gear. More particularly, he charged, defendant had failed to exercise care in the maintenance of an ore bucket the handle of which was "caused to become disengaged", resulting in the injuries complained of.

American-Hawaiian denied liability in its answer and filed a third-party complaint against Brown's employer, Luckenbach, in which it asked for "contribution and/or indemnity." The bases of this claim are two: (1) that the equipment which caused the injury was furnished, installed, operated and controlled by and was the property of Luckenbach and that it was supplied pursuant to the stevedoring contract; (2) that if Brown sustained injuries as a result of the unseaworthiness of any equipment aboard the vessel such unseaworthiness was caused by the negligence of Luckenbach.

Luckenbach moved to dismiss the third-party complaint and the motion was granted on the authority of Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L. Ed. 318. An appeal from the order of dismissal followed which was dismissed by this court on December 5, 1952, on the ground that the order was interlocutory. Thereafter American-Hawaiian moved the district court for a determination under Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C., that, there being no just reason for delay, a final order of dismissal be entered against it. The motion was granted, the judgment was entered and this appeal followed.[1]

After the present notice of appeal was filed this court decided Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784, a case very similar on its facts to the instant one, in which we held that while contribution was barred by Halcyon, supra, a right of indemnity based on contractual relations between the parties could be asserted. Appellee concedes, as he must, that if the Crawford decision is the law it is dispositive of this appeal, arguing, however, that it cannot stand in the face of the still later Supreme Court opinion in Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202. A comparison of the Hawn case and the present litigation shows that in both situations the owner-defendant impleaded the plaintiff's employer and asked for "contribution and/or indemnity." In Hawn the trial court disallowed indemnity but granted contribution up to the amount of the employer's liability to the employee under the Longshoremen's and Harbor Workers' Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. We reversed the allowance of contribution on the basis of the Supreme Court's opinion in the Halcyon case, which had been decided after the district court's Hawn decision. 3 Cir., 198 F.2d 800. The owner, on appeal to us, had asked, among other things, that it be awarded full indemnity from the employer because the latter's breach of duty toward the employee was primary while its own was secondary. In rejecting this claim we held that the jury's verdict showed both defendant and third-party defendant to be equally and concurrently at fault, not that the owner's theory of indemnity was unsound as a matter of law. The Supreme Court opinion in Hawn, which affirmed the decision of this court, did not, while upholding our disposition of the claim for contribution, advert to the indemnity feature of the case.[2] It is

1. So far as appears trial of the suit by Brown against appellant has not commenced.

2. It is interesting to note that counsel for appellant in the present case also represented appellant in Hawn. He stated to us at oral argument that the question of indemnity was never raised before the Supreme Court in the Hawn matter, a contention which is not challenged by appellee.

thus readily apparent that there is nothing in any phase of Hawn which is inconsistent with our Crawford decision.[3]

■ There is, however, one aspect of the present appeal which requires further refinement. Appellant suggests that irrespective of the contractual relations between third-party plaintiff (owner) and third-party defendant (employer) in this type of suit, a right of indemnity exists where the liability of the former is secondary or passive while that of the latter is primary or active. Such a problem would be posed, for example, where the owner is held liable to a plaintiff-employee for a condition of unseaworthiness created by the employer's negligence and there is no contract, express or implied, between them,[4] or, if such contract exists, it cannot be read to lay the groundwork for an indemnification claim. In answer to this suggestion we repeat what we thought had been made clear by the Crawford case: there can be no action of indemnity in these cases which is not based on the violation of some contractual duty.[5] Were the rule otherwise the employer could be made to respond indirectly in tort for damages for which he would not be answerable under the Longshoremen's and Harbor Workers' Act. Such a rule would be violative of Section 5 of the Act [6] as well as of the spirit of the entire statute whereunder an employer's duty to pay compensation to his injured employees without regard to negligence is substituted for his common law tort liability. Cf. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 412, 74 S.Ct. 202.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

3. Although the third-party complaint in Hawn did not allege a contract between owner and employer, as was done in Crawford and in the present case, it is clear that a contractual relationship existed between the parties which, but for the finding of concurrent negligence, might have grounded a successful claim for indemnity. In such event, however, it would appear necessary to allege the contractual basis of the claim in the pleadings.

4. It is difficult to conceive of a situation where there is no contract, either express or implied, between an employer whose men are aboard or about a vessel and the owner or charterer of such vessel.

5. Cf. Judge Kalodner's opinion in Read v. United States, 3 Cir., 201 F.2d 758, 763.

6. Section 5, 33 U.S.C.A. § 905, reads as follows:

"§ 905. Exclusiveness of liability. The liability of an employer, prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."