**PALAZZOLO**

v.

**PAN–ATLANTIC S. S. CORP.**

**PAN–ATLANTIC S. S. CORP.**

v.

**RYAN STEVEDORING CO., Inc.**

No. 164, Docket 22930.

United States Court of Appeals, Second Circuit.

Argued Feb. 2, 1954.

Decided March 25, 1954.

The opinion of the district court is reported in 111 F.Supp. 505.

David M. Fink & Jacquin Frank, New York City (Jacquin Frank, New York City, of counsel), for plaintiff-appellee.

Gay & Behrens, New York City (Edward J. Behrens, Charles H. Lawson and James A. Hageman, New York City, of counsel), for defendant-appellant.

Alexander & Ash, New York City (Sidney A. Schwartz, New York City, of counsel), for third-party defendant-appellee.

Before CLARK, FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

Defendant-appellant, Pan-Atlantic, has argued that, since Ryan Stevedoring Company created the hazardous condition by improperly stowing the cargo in Georgetown, South Carolina, Pan-Atlantic should not be held liable to plaintiff. We cannot agree. Not only did defendant owe the duty to provide a seaworthy ship on which plaintiff-stevedore might work, Seas

Shipping Company v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, but it owed him, as a business visitor or invitee, the duty to provide a reasonably safe place to do his work. Fodera v. Booth American Shipping Corp., 2 Cir., 159 F.2d 795. This duty was non-delegable. Vanderlinden v. Lorentzen, 2 Cir., 139 F.2d 995, 997. Since it is reasonably foreseeable that improper stowage must result in rolls of pulp sliding or "jumping" and striking someone, the ship would be liable for this accident if the jury found, as it did here, that the accident resulted from improper stowage. La Guerra v. Brasileiro, 2 Cir., 124 F.2d 553. Proper stowage is an element of seaworthiness. Pioneer Import Corp. v. The Lafcomo, 2 Cir., 138 F.2d 907. There was ample evidence to support a jury verdict on either or both negligence or unseaworthiness.

■ Nor does defendant's "surrender-of-control"[1] argument compel a different result. Assuming *arguendo* defendant did surrender control of the Canton Victory to Ryan for loading in Georgetown,[2] Pan-Atlantic reassumed control of the ship upon completion of the stowage operation, and operated it for some three or four days until its arrival in New York. At the time of discharge of cargo, the duty to the stevedore arose and Pan-Atlantic, in control of its ship, was obligated to provide the stevedore with a safe place to work and a seaworthy vessel. Seas Shipping Company v. Sieracki, supra.

■ Defendant claims error in the failure of the trial court to strike the testimony of plaintiffs' expert Anderson; the substance of this claim is that Anderson was not sufficiently qualified to testify as an expert. Although Anderson's qualifications were weak, his lack of experience in the stowage of pulp paper was for the jury to weigh. The judge's determination as to Anderson's qualifications was not so clearly erroneous that it ought to be reviewed here. See Gila Valley, G. & N. R. Co. v. Lyon, 203 U.S. 465, 27 S.Ct. 145, 51 L.Ed. 276.

■■ Judgment on the action for indemnity over was awarded to Ryan. We think this error. The trial judge found Pan-Atlantic guilty of negligence in that its "cargo officer did not properly perform his admitted duty to supervise the safe and careful loading of the vessel."[3] However, Ryan created the hazardous condition by its improper stowage of the pulp paper rolls at Georgetown. We think the improper stowage the primary and active cause of the accident. Under our holdings in Lo Bue v. United States, 2 Cir., 188 F.2d 800, and Rich v. United States, 2 Cir., 177 F.2d 688, indemnity over is recoverable where, as here, the employer's negligence was the "sole" "active" or "primary" cause of the accident. Nor does the absence of a formal contract bar indemnity. McFall v. Compagnie Maritime Belge (Lloyd Royal) S. A., 304 N.Y. 314, 107 N.E.2d 463; Rich v. United States, 2 Cir., 177 F.2d 688. Ryan was obligated by implied contract to perform the work in a reasonably safe manner. This duty Ryan breached; accordingly, Pan-Atlantic is entitled to indemnity. There is no need to remand. We direct the judge to enter judgment for Pan-Atlantic against Ryan Stevedoring Company on the action over.

Affirmed as to Palazzolo v. Pan-Atlantic Steamship Corporation; reversed as to the action over.

1. Defendant cites Lauro v. United States, 2 Cir., 162 F.2d 32; Grasso v. Lorentzen, 2 Cir., 149 F.2d 127, certiorari denied 326 U.S. 743, 66 S.Ct. 57, 90 L. Ed. 444; Lynch v. United States, 2 Cir., 163 F.2d 97.

2. It appears from the record that a cargo officer of the Canton Victory was abroad at Georgetown to supervise loading.

3. 111 F.Supp. 505, at page 507.