Phillip BORDAL, Plaintiff,

v.

ATLANTIC MARITIME CO., Inc. and S. Livanos & Co., Inc., Defendants and Third-Party Plaintiffs (NACIREMA OPERATING COMPANY, Third-Party Defendant).

Civ. A. No. 15119.

United States District Court
E. D. Pennsylvania.

Aug. 4, 1954.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendants and third-party plaintiffs.

J. B. H. Carter, Philadelphia, Pa., for third-party defendant.

FOLLMER, District Judge.

Plaintiff, a longshoreman, employed by Nacirema Operating Company (hereinafter referred to as "Nacirema") instituted suit against the defendants, Atlantic Maritime Co., Inc. and S. Livanos & Co., Inc., alleging that he was injured in the course of his employment while unloading defendants' ship. The complaint alleges that Nacirema was employed in discharging cargo from the S. S. Atlantic Sea by virtue of authority from and an understanding entered into with (inter alia) the defendants. The defendants as third-party plaintiffs joined Nacirema as third-party defendant demanding full indemnity. Nacirema moves for summary judgment.

In an action by a stevedore against a shipowner for personal injuries sustained while unloading the shipowner's vessel, the shipowner can assert a right of indemnity against the stevedore's employer, based on the contractual relations between the parties.[1] Nacirema, contrary to what might be indicated in the original complaint, filed an affidavit in support of its motion for summary judgment in which it alleged that no contractual relations existed between the third-party plaintiff and third-party defendant. As pointed out in Crawford

---

[1]. Brown v. American-Hawaiian S.S. Co., 3 Cir., 211 F.2d 16; Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784; Read v. United States, 3 Cir., 201 F.2d 758; Palazzolo v. Pan-Atlantic S.S. Corp., 2 Cir., 211 F.2d 277.

1

87

v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784, the contractual relationship may be express or implied. In Brown v. American-Hawaiian S. S. Co., 3 Cir., 211 F.2d 16, 18, in discussing a contention of one of the parties, the court made the significant comment in Footnote 4 that "It is difficult to conceive of a situation where there is no contract, either express or implied, between an employer whose men are aboard or about a vessel and the owner or charterer of such vessel." Likewise in Palazzolo v. Pan-Atlantic S. S. Corp., 2 Cir., 211 F.2d 277, 279, where the defendant impleaded the plaintiff's employer, Ryan Stevedoring Company, the court said:

> "Judgment on the action for indemnity over was awarded to Ryan. We think this error. The trial judge found Pan-Atlantic guilty of negligence in that its 'cargo officer did not properly perform his admitted duty to supervise the safe and careful loading of the vessel.' However, Ryan created the hazardous condition by its improper stowage of the pulp paper rolls at Georgetown. We think the improper stowage the primary and active cause of the accident. Under our holdings in Lo Bue v. United States, 2 Cir., 188 F.2d 800, and Rich v. United States, 2 Cir., 177 F.2d 688, indemnity over is recoverable where, as here, the employer's negligence was the 'sole' 'active' or 'primary' cause of the accident. *Nor does the absence of a formal contract bar indemnity.* McFall v. Compagnie Maritime Belge (Lloyd Royal) S.A., 304 N.Y. 314, 107 N.E.2d 463; Rich v. United States, 2 Cir., 177 F.2d 688. *Ryan was obligated by implied contract to perform the work in a reasonably safe manner.* * * *" (Emphasis supplied.)

The determination of this fundamental question cannot be predicated on the bald conclusion set forth in the affidavit to the effect that no contractual relationship existed, especially in the face of allegations in the original complaint which, if established, might well indicate a contrary conclusion.

The motion for summary judgment will be denied.