**EMPRESA CENTRAL MERCANTIL DE REPRESENTACOES, LTDA., Libellant,**

v.

**REPUBLIC OF THE UNITED STATES OF BRAZIL, doing business under the name and style of Lloyd Brasileiro, Respondent.**

United States District Court
S. D. New York.
Jan. 24, 1957.

Bigham, Englar, Jones & Houston, New York City, F. Herbert Prem, New York City, of counsel, for libellant.

Purrington & McConnell, New York City, for respondent.

PALMIERI, District Judge.

This is an action in admiralty against a carrier to recover for damage to libellant's cargo consisting of 22 skids of silicon steel sheets. The goods were shipped in November 1951, from New York to Rio de Janeiro on respondent's S.S. Loide Guatemala.

On April 1, 1955, Judge Clancy signed an interlocutory decree in favor of libellant, with costs and with interest on libellant's damages to run from December 2, 1951, the date of the arrival of the vessel at Rio de Janeiro. The matter was referred to a Special Commissioner to ascertain and compute the amount of libellant's damages and report the same to this Court. That report, dated November 30, 1956, is now before me. In substance, although the liability of the respondent was established, the Commissioner concluded that there was insufficient proof of the damages and that libellant could recover, at most, only nominal damages.

The libellant has excepted to the report and moves for an order requiring that the case be returned to the Commissioner with instructions to compute the damages. The respondent moves to confirm the Commissioner's report.

I think the libellant has substantiated its prayer for relief and that the Commissioner should compute the damages on the basis of the libellant's proof.

The basic premise on which this case rests is the wrongdoing of the respondent. The bill of lading issued by the respondent was false and misleading. It acknowledged receipt of the 22 skids of steel sheets on board its vessel in New York "in apparent good order and condition." This was done despite the fact that one month before, respondent had issued two dock receipts showing that the sheets were damaged. One dock receipt (for 14 skids) bears the notation, "Outside Containers Badly Rusted;" the other (for the remaining 8 skids) bears

the notation, "Wrappers torn sheets badly rusted." The issuance of the "clean" bill of lading by the respondent enabled the seller of the goods (Ameximpo, Inc.) to secure payment of the sales price under a letter of credit established in New York City by libellant. One of the conditions in the letter of credit was that payment thereunder could be made only upon a clean bill of lading. While accommodating the seller with the "clean" bill of lading, the respondent was careful to protect itself by securing a letter of indemnity whereby the seller agreed to hold the respondent "free and harmless for any liability you may be called upon to reimburse the consignee with regard to any damage to this merchandise." [1]

There is no question that the libellant was the purchaser for value of the bill of lading, and a holder in due course without notice of the deception practiced upon it. Indeed, respondent's counsel, upon the trial before Judge Clancy, conceded the respondent's responsibility for issuing a deceptive bill of lading, saying:

"Of course, that doesn't excuse us for giving a clean bill of lading when the goods were damaged, and we are more interested in the extravagance of the claim. * * * There is proof of rust damage but there is no proof in this case so far of dollar damage in Rio de Janeiro. That is our case."

Although the Commissioner's report is entirely consistent with all I have stated thus far, his conclusion is based upon the view that libellant's proof of the amount of damages was insufficient. I cannot agree.

 The measure of damages applicable in this case is the difference betweeen the sound market value of the goods at destination and their damaged value at that point. Pioneer Import Corp. v. The Lafcomo, 2 Cir., 1947, 159 F.2d 654, 655; Sanib Corporation v. United Fruit Co., D.C.S.D.N.Y.1947, 74 F.Supp. 64, 67–68; The Norte, D.C.E.D. Pa.1947, 69 F.Supp. 881, 888; The George E. Pickett, D.C.S.D.N.Y.1948, 77 F.Supp. 988; The S.S. H. Culbreath, [1952] 2 A.M.C. 1170, 1177 (S.D.N.Y. 1951). The libellant offered credible and competent proof of the sound market value through its witness Ramos and its invoice data. See Waterman S. S. Corp. v. United States S. R. & M. Co., 5 Cir., 1946, 155 F.2d 687, 694. The damaged value of the goods at destination was sufficiently proved by libellant's witnesses. The Commissioner has sustained respondent's contention that this should have been proven by its sales price upon a fair sale and not by the opinions of merchants or experts. But the libellant's evidence was sufficient to establish that 14 skids of the 22 in the total shipment were sold at the highest bid fairly obtainable from seven firms engaged in the steel business in Rio de Janeiro, and in accordance with the then prevailing local market prices. This was proof of sale, and not of an asking price. With respect to the remaining 8 skids which suffered less damage, the extent of the damage was estimated by libellant's cargo damage experts. The respondent was given the opportunity to join in the survey made by them, but declined it. A surveyor's estimate is sufficient to establish the extent of cargo damage. See The Rosalia, 2 Cir., 1920, 264 F. 285, 289–290 and the opinion of Judge A. N. Hand in the District Court, [1931] 1 A.M.C. 886 (S.D.N.Y.1918); Reider v. Thompson, 5 Cir., 1952, 197 F.2d 158; William D. Branson Ltd. v. Furness (Canada) Ltd., [1955] 2 Lloyd's Rep. 179, 186 (P.C.). The cases cited by the respondent to the contrary are not

1. The notations on the dock receipts quoted above appear with slight change in the body of the letter of indemnity. The indemnity agreement appears on the letterhead of the "Steel and Metal Division" of Ameximpo, Inc., and also includes the statement that "the under- writers of this merchandise have been informed of this indemnity." The proctors appear to have agreed upon the trial that this reference to the underwriter could not be availed of by the respondent as a means of exculpation.

controlling; and in any event, respondent has now conceded in its brief in support of the Commissioner's report that the fair sales price of damaged cargo is one criterion, not the sole criterion of its damaged value.

■ The respondent has urged that some of the damage to the goods was attributable to the fact that after discharge from the ship the goods were in customs' custody exposed to the weather. But the respondent utterly failed to sustain the burden incumbent upon it of showing to what extent weather exposure after discharge was the effective cause of the damage. Since any additional shore rust damage was an aggravation of the condition of the goods while in respondent's custody, the burden of showing the damage sustained after discharge rested on the respondent-carrier, and it offered no proof on the subject. See The Vallescura, 1934, 293 U.S. 296, 307, 55 S.Ct. 194, 79 L.Ed. 373; Armco International Corporation v. Rederi A/B Disa, 2 Cir., 1945, 151 F.2d 5; opinion of Judge A. N. Hand in The Rosalia, supra.

■ The impact of the record in this case leaves me with two firmly rooted impressions: that the respondent was a party to the deception practiced on the libellant, and that respondent has thrust libellant into this litigation as a direct consequence of that deception. If the measure of damages can be said to be less than perfect it is because of respondent's wrongdoing and it has no standing to complain. See Olivier Straw Goods Corp. v. Osaka Shosen Kaisha, 2 Cir., 1931, 47 F.2d 878, 74 A.L.R. 1378; Higgins v. Anglo-Algerian S.S. Co., 2 Cir., 1918, 248 F. 386. Moreover, the respondent, having compounded its wrongdoing by deliberately refraining from participating in libellant's survey at destination, cannot be heard to complain that libellant has used the knowledge thus obtained to its disadvantage. See The Rosalia, supra, 264 F. at p. 290.

Submit order on notice resubmitting matter to the Commissioner with instructions consonant with this opinion.