Johnny **HARRELL**, Libelant,

v.

**LYKES BROTHERS S.S. CO.**, Inc., Respondent.

No. 3182.

United States District Court
E. D. Louisiana,
New Orleans Division.

Aug. 14, 1958.

126

Arnold C. Jacobs, New Orleans, La., for libelant.

Terriberry, Rault, Carroll, Martinez & Yancey, New Orleans, La., for respondent.

J. SKELLY WRIGHT, District Judge.

Harrell was employed as a longshoreman by Southern Stevedoring Company. While working in the tween deck, stowing cargo, he was struck by a 100-lb. sack of corn, which fell from a pallet being brought over the hatch through the use of the vessel's equipment operated by an employee of Southern Stevedoring Company. Harrell is suing the owner of the vessel, respondents herein, on the theory that the derrickman, employed by Southern Stevedoring Company, whose duty it was to warn longshoremen working in the hold of the vessel of presence of the pallet overhead, failed so to do. Harrell contends that this failure makes the vessel liable to him in damages for his injuries.

Under the facts as developed from libelant, the sole witness in the case, it could also have been contended, from the fact that the sack of corn fell, that the pallet was improperly loaded by the longshoremen on the wharf or negligently manipulated by the longshoreman on the winch. It is admitted that the ship's equipment was seaworthy, and there is no evidence to suggest that the accident resulted from any lack, on the part of the shipowner, of "reasonable care to ascertain the methods and manner" in which the stevedoring company performed its function. See Halecki v. United New York & New Jersey Sandy Hook Pilots Ass'n, 2 Cir., 251 F.2d 708, 711.

Libelant cites all the relevant cases [1] which have brought the shipowner up to the point of providing an accident-proof ship and making the shipowner the insurer of persons aboard the vessel. No case, however, has gone as far as libelant would have this court go in this case. If the doctrine of liability without fault is to be extended to cover negligent acts of longshoremen, which do not render the vessel unseaworthy, that extension will have to be made at a higher level than this court.[2] No court has as yet held that an improperly loaded pallet makes the vessel unseaworthy.[3] This court does not do so now.

---

[1] Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Petterson v. Alaska S.S. Co., 9 Cir., 205 F.2d 478, affirmed 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798; Halecki v. United New York & New Jersey Sandy Hook Pilots Ass'n, 2 Cir., 251 F.2d 708, writ granted 357 U.S. 903, 78 S.Ct. 1149, 2 L.Ed.2d 1154; Crumady v. The Joachim Hendrik Fisser, 3 Cir., 249 F.2d 818, writ granted 357 U.S. 903, 78 S.Ct. 1150, 2 L.Ed.2d 1154; Gindville v. American-Hawaiian S.S. Co., 3 Cir., 224 F.2d 746; Palazzolo v. Pan-Atlantic S.S. Corp., 2 Cir., 211 F.2d 277.

[2] See Blankenship v. Ellerman's Wilson Line, New York, D.C., 159 F.Supp. 479.

[3] Compare Gindville v. American-Hawaiian S.S. Co., supra; Palazzolo v. Pan-Atlantic, S.S. Corp., supra.