**Murphy GREEN, Plaintiff,**

v.

**GRACE LINE, a corporation; First Doe and Second Doe, Defendants.**

**No. 38821.**

United States District Court
N. D. California, S. D.

March 6, 1961.

Ewing Sibbett, of Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., for plaintiff.

John Pascoe, of Wallace, Garrison, Norton & Ray, San Francisco, Cal., for defendants.

HARRIS, District Judge.

There is no dispute as to the facts in this matter. They are substantially as follows:

Plaintiff's longshore gang rigged a rope safety net at the edge of the platform from which the men were to discharge coffee from the lower 'tweendeck No. 2 hatch of the SS Santa Cruz. In addition to the several ropes which were used to make fast the outer ends of the strongback, and in order to tie the net down to the platform, small rope lines were passed through the bottom edge of the net and through lift rings imbedded in the hatch boards. The safety net, when rigged in this manner, could be lifted up if the ropes were caught by operating equipment on the ship. Some time after the operations commenced a lift jitney's blades caught the net and lifted it, thus raising the hatch board on which plaintiff was standing and causing him to fall through the open space.

Plaintiff, who was a member of the gang which tied the ropes through the lift rings, contends that the vessel became unseaworthy and that such unseaworthiness caused the damage as complained of. Counsel for the plaintiff relies on Grillea v. United States, 2 Cir., 232 F.2d 919, 923, wherein it appeared that the misplaced hatch cover had become as much a part of the 'tweendeck for continued prosecution of the work as though it had been permanently fixed in place. Under the circumstances the court held, speaking through Judge Hand, that notwithstanding the negligence of the longshoreman, liability was imposed upon the owner as an insurer.

Defense counsel states that he has no quarrel with this decision, but that the facts are far removed from those discussed in Grillea.

It appears affirmatively from the delineation of facts hereinabove set forth that the injuries sustained by Murphy Green were proximately caused by the negligence of the winch driver in hoisting the fork lift truck from the 'tweendeck and causing it to become imbedded in the safety net.

The case falls directly within the following authorities: Freitas v. Pacific-Atlantic S.S. Co., 9 Cir., 1955, 218 F.2d 562, 1955 A.M.C. 649; Harrell v. Lykes Bros. S.S. Co., D.C.E.D.La.1958, 165 F. Supp. 125, 1958 A.M.C. 2304; Blankenship v. Ellerman's Wilson Line, 4 Cir., 1959, 265 F.2d 455, 1960 A.M.C. 2454; and Billeci v. United States, D.C.N.D. Cal.S.D.1960, 185 F.Supp. 711.

Accordingly, judgment may be entered herein for the defendant. Findings to be prepared in accordance with the foregoing.