Alphonse DePALMA, Plaintiff,

v.

SOUTH AFRICAN MARINE CORPORATION, Defendant and Third-Party Plaintiff,

v.

STATES TERMINAL CORPORATION, Third-Party Defendant.

United States District Court
S. D. New York.

June 19, 1962.

Kirlin, Campbell & Keating, New York City, Edward J. Hale, New York City, of counsel, for defendant and third party plaintiff.

George J. Conway, New York City, for third party defendant.

CASHIN, District Judge.

Defendant and third party plaintiff, South African Marine Corporation,

seeks, by this action, to recover indemnity from the third party defendant, States Terminal Corporation, for breach of its implied warranty to perform its services in a workmanlike manner. In the action of the plaintiff, Alphonse De Palma, against the defendant, the jury found a verdict in favor of the plaintiff in the sum of $7,000.

The plaintiff was a longshoreman employed by States Terminal Corporation, aboard the S.S. VERGELEGEN, a vessel owned and operated by the defendant at the time of plaintiff's accident. The S.S. VERGELEGEN arrived at the Port of New York on December 20, 1954 with a deck cargo consisting of creosoted railroad ties located on both the inshore and offshore side of the No. 4 hatch. These creosoted railroad ties had been loaded in New Orleans, Louisiana, and were to be discharged at Durban, South Africa. Employees of States Terminal Corporation went aboard the S.S. VERGELEGEN at 8:00 A.M. on December 20, 1954 and commenced to load general cargo at the No. 1, 2, 3 and 4 hatch of said vessel. Plaintiff went aboard the vessel for the first time on December 23, 1954 at about 8:20 A.M., took a few steps from the gangway on the creosoted ties and fell. The jury found that the ship was unseaworthy and that it did not furnish the plaintiff with a safe place to work.

There was no express stevedoring contract between the parties but a stevedoring company has an obligation to perform its services in a workmanlike manner. In the absence of an express contract, indemnity over is recoverable where the stevedore's negligence was the sole, active or primary cause of the accident. Palazzolo v. Pan-Atlantic S.S. Corp., 211 F.2d 277 (2 Cir. 1954); Berti v. Compagnie De Navigation Cyprien Fabre, 213 F.2d 397 (2 Cir. 1954). Whether a hazard is created by the shipowner's negligence or not, the stevedoring company is liable for indemnity if a workmanlike performance would have eliminated the risk of injury. Crumady

v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Calmar S.S. Corp. v. Nacirema Operating Co., 266 F.2d 79 (4 Cir. 1959).

The creosoted railroad ties on which the plaintiff fell were not covered with dunnage or a catwalk. The defendant claims that the third party defendant breached its warranty in that it permitted its employees to continue to work aboard the vessel without taking the special precautions available to it as an expert stevedore to protect its employees from personal injury, although it knew, or should have known, that it would be dangerous to permit the employees to work on the creosoted railroad ties. The defendant alleges that the stevedoring company should have either corrected the condition by placing dunnage boards over the creosoted ties or should have stopped work until the dangerous condition was remedied.

I find that the third party plaintiff is not entitled to indemnity from the third party defendant. I find that it is the usual practice aboard the S.S. VERGELEGEN for the ship to place dunnage over creosoted ties. When the plaintiff was injured it was the first time that he or any of his gang had worked on the vessel. While it is true that other employees of the third party defendant had worked in the general area of the incident on previous days, there was no testimony as to the condition of the ties on those previous days. The only testimony was by the second mate of the S.S. VERGELEGEN, who said that there were no complaints by any longshoremen about the condition of the deck on any prior day or any complaints that the deck cargo at No. 4 hatch was dangerous to work on. There was only evidence as to the condition of the ties at the time of the accident. At this time Mr. Brodsky, a longshoreman, testified that the ties "were not exactly dry." The plaintiff testified that the ties were "sticky". There is no evidence as to whether the ties were wet or sticky on the previous days.

I find no evidence that employees of States Terminal Corporation had any knowledge, or reason to have knowledge, of the condition of the deck beside the No. 4 hatch on the morning of December 23, 1954, before plaintiff's accident. There is some testimony to the effect that other employees had preceded plaintiff onto the vessel; however, this was just a few minutes before plaintiff boarded the vessel.

I find no negligence on the part of States Terminal Corporation and find that they did their job in a workmanlike manner consistent with their implied warranty. Thus, the third party plaintiff is not entitled to indemnity from the third party defendant.

The above shall constitute my Findings of Fact and Conclusions of Law.

Judgment for the third party defendant, with costs to be taxed by the Clerk of this Court.

It is so ordered.